DENISON COTTON MILL CO. v. McAMIS.
(No. 1472.)

(Court of Civil Appeals of Texas. Texarkana.
May 13, 1915. Rehearing Denied
May 20, 1915.)

1. APPEAL AND ERROR ☞263—QUESTIONS REVIEWABLE—RULINGS ON INSTRUCTIONS—EXCEPTIONS.

An assignment of error, complaining of refusal of a peremptory instruction not excepted to, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. ☞263.]

2. PLEADING ☞412—WAIVER OF PLEADINGS.

Where, without objection, a trial was had as though an employé, suing for a personal injury, had denied the defense of assumption of risk, the employer waived the right to have the defense taken as confessed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1387–1394; Dec. Dig. ☞412.]

3. MASTER AND SERVANT ☞297—INJURY TO SERVANT—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE—SPECIAL VERDICT.

A special verdict that an employé, driving nails in roofing, knew that he was in a dangerous position on the roof, that he did not fail to exercise ordinary care for his safety, nor know that other pieces of roofing material on the building would likely blow against him, did not prevent a recovery on the grounds of contributory negligence or assumption of risk for injuries by being struck in the back by roofing material and caused to fall from the building.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1195–1198; Dec. Dig. ☞297.]

4. TRIAL ☞362 — CONDUCT OF PRESIDING JUDGE—REFUSAL TO RECEIVE SPECIAL VERDICT—INSTRUCTIONS.

The action of the court in stating to the jury, returning a special verdict, that their findings were contradictory, and that the verdict would not be received, that they must again retire and consider the verdict, and if after retiring and considering the same they were of the opinion that their answers were not contradictory, to return their answers and the same would be received as their verdict, was not improper, and a changed verdict, subsequently returned, would not be disturbed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 865–868; Dec. Dig. ☞362.]

Appeal from District Court, Grayson County; W. J. Mathis, Judge.

Action by J. O. McAmis against the Denison Cotton Mill Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The action is by appellee for damages for personal injuries. As an employé of the mill company appellee, along with about eight others, was assisting in roofing a warehouse with a material known as asbestos roofing. The work was being done under the direction and immediate supervision of the mill company's superintendent and foreman. The building was 100 feet in length by 50 feet in width, the roof sloping 2 or 2½ feet to the eaves, and the eaves between 16 and 20 feet from the concrete pavement below. The roofing material came in rolls of about 100 pounds weight each, and these, when unrolled, were 75 feet long, 3 feet wide, and one-eighth of an inch thick. When the rolls were smoothly laid on the roof they were made secure and fast by being nailed down. The rolls were carried to the roof of the building and there unrolled, it being necessary for it to be unrolled for an hour's time in order to allow it to dry out before being nailed to the roof. At the time of his injury the appellee and a fellow workman were nailing down the first layer of the roofing, which overlapped the eaves of the building about an inch. He was sitting on the first layer, with his feet hanging down over the eaves, driving nails in the roofing, and had taken this position under the direct command of the foreman. He had been in this position and on the roof a very short time. Back of appellee, some 12 or 15 feet, two rolls were spread out on the roof drying. A heavy wind from the northwest was blowing, and had been for about two hours. While appellee was thus engaged one of the loose rolls was lifted and blown by the wind, forcibly striking appellee in the back and precipitating him to the ground. He struck on a cement roadway, causing grievous injuries. Nothing had been done to keep the roofing material that had been spread out on the roof from being blown by the wind. The method employed of unrolling the roofing on the roof, instead of on the ground, to dry it out was, it was proven, under the express direction of the superintendent, and it was his direction that no weights be placed on the unrolled pieces while there drying out. It was testified that Munson, the manager, said, "You had better get something and weight it down," and Hooks, superintendent in charge of the work, replied:

"No; there is no use to weight it down. I did some roofing at Sherman with the same kind of paper, and did not have to weight it down."

Appellee was a day-laborer and inexperienced in the work at which he was engaged. The case was submitted to the jury on special issues, and their answers are findings of fact that appellant was guilty of negligence, as alleged, in failing to weight down or fasten the roofing material laid out on the roof to dry, proximately causing injury to appellee, and that appellee was not guilty of contributory negligence and did not, in point of fact, assume the risk of being injured from the roofing material under the circumstances. As the evidence fully supports the findings so made by the jury, as well as the amount of damages, they are sustained and here made the findings of fact.

Jno. T. Suggs, of Denison, and Jones & Hassell, of Sherman, for appellant. E. J. Smith, of Denison, and W. W. Nelms and El. J. Gibson, both of Dallas, for appellee.

LEVY, J. (after stating the facts as above). [1] It not appearing in the record that the refusal to give the requested peremptory instruction was excepted to, we cannot consider an assignment complaining of such refusal. Therefore the first and second assignments of error are overruled. Railway Co. v. Wilson, 176 S. W. 619.

[2] By the third assignment of error it is contended that the defendant pleaded assumed risk as a defense, and such plea is not denied by plaintiff, and for that reason the pleadings would not permit appellee to recover in the case. It has been decided that the defendant waived any right to have the plea taken as confessed where, without objection, there was a trial as though there was a denial. Railway Co. v. Tomlinson, 169 S. W. 217; Tabet Bros. Co. v. Higginbotham, 170 S. W. 118. And because of the ruling in these cases the assignment is overruled.

[3] The fourth and fifth assignments of error are based on the action of the court in overruling the appellant's motion for judgment on the findings of the jury on special issues. The contention is that the effect of the findings is that appellee assumed the risk of danger incident to doing the work in the manner in which it was being done, and that he was guilty of contributory negligence that proximately caused his injuries. The jury answered that the appellee knew that his position on the roof in the performance of his duty at the time was one of danger, but next answered that appellee did not fail to exercise ordinary care for his own safety in undertaking to nail on the roofing material at the time and place and under the circumstances. They further answered that appellee did not know, at the time he undertook to nail down the roofing material, that other pieces of roofing material then on the building would likely be blown against him and injure him, nor was the fact that a piece of unrolled roofing material might be caught by the wind and blown against appellee as open and obvious to appellee's observation as it was to defendant's superintendent or foreman. It is not thought that the legal effect of the findings is to preclude recovery to appellee upon the ground of his contributory negligence or upon assumed risk, and therefore the court did not err in overruling the motion. The answer of the jury that:

"Plaintiff knew, or by the exercise of ordinary care in the performance of his duties must nec-

essarily have known, that the position he assumed on said roof at the time was one of danger"

—was a finding of fact merely that appellee knew there was some danger in the position of sitting on the eaves of a roof that was between 15 and 20 feet above the concrete walk below in order to nail down roofing material. But the appellee's injuries were not caused from unskillfulness on his part in the manner of working at the place, nor from slipping or losing his balance, nor from any act done in his position on the edge of the roof while performing the work, nor from any condition of the roof at the place at which he was working, nor from the work itself of nailing on the roof. His falling from the roof was due to being forcibly struck in the back by a long piece of roofing that had been unrolled under direction of the foreman upon another portion of the roof and not weighted down being blown by the wind against him. And the jury found that it was reasonably necessary for appellee's safety that the pieces of roofing then unrolled on the building should have been weighted down or fastened, and that the failure of appellant's foreman to do so was negligence proximately causing the injury. And the jury further answered that appellee did not know of the negligence of the foreman in advance of his injury. The assignments of error mentioned, as well as the sixth assignment of error, raising in substance the same question, are overruled.

Answers of the jury to questions Nos. 11 and 16 are not conflicting, it is concluded, and assignment of error No. 7 is overruled.

[4] According to the bill of exceptions made the basis of the eighth assignment of error the court, after reading over the verdict of the jury—

"stated to the jury that their findings were contradictory, and that the verdict would not be received, and for them to retire and again consider of their verdict, but if after retiring and considering of the same they were of the opinion that the answers were not contradictory, to return their said answers into court and the same would be received as their verdict in said cause."

The jury retired and further considered of their verdict, and thereafter returned their verdict into court, which was received by the court. The jury changed the finding 11 from the answer, "Yes" to the answer, "No." The court did not intimate or suggest the answers he deemed contradictory, and the jury were left free to do their own will. It is not thought there is presented reversible error.

In view of the court's positive instruction to the jury respecting the argument of counsel, the assignments of error complaining of the argument should, we think, be overruled.

The judgment is affirmed.