DONALDSON v. McELROY. (No. 1593.)

(Court of Civil Appeals of Texas. Texarkana.
March 16, 1916.)

APPEAL AND ERROR ⊜ು499(4)—REVIEW—NECESSITY OF OBJECTION.

An assignment of error in giving a peremptory instruction will not be considered where the record fails to show that an objection was made and exception reserved in the trial court, as required by the statute.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2298; Dec. Dig. ⊜ು499(4).]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by E. A. McElroy against J. S. Donaldson. Judgment for plaintiff, and defendant appeals. Affirmed.

Wood & Wood, of Dallas, and Walter Collins and B. Y. Cummings, both of Hillsboro, for appellant. Morrow & Morrow, of Hillsboro, for appellee.

HODGES, J. The appellee brought this suit on a promissory note for the sum of $319.50, together with interest and attorney's fees, and sought a foreclosure of a vendor's lien on block 66 in the town of Odessa, Tex. The appellant, after a general denial, admit-

ted the execution of the note, but pleaded a failure of consideration and damages for misrepresentation and fraud as an offset. At the conclusion of the evidence the court gave a peremptory instruction, directing a verdict in favor of the plaintiff for the amount sued for, and entered judgment, foreclosing the vendor's lien.

In this appeal the only assignments of error presented are those which complain of the action of the court in giving the peremptory instruction. There was no objection made to this charge of the court, nor any exceptions reserved. It has heretofore been held by this court that assignments of this character will not be considered where the record fails to show that objections were made and exceptions reserved in the trial court, as required by the statute. Denison Cotton Mill Co. v. McAmis, 176 S. W. 621. See, also, Walker v. Haley, 181 S. W. 559, for a collection of similar rulings by other Courts of Civil Appeals. We adhere to the ruling referred to, and decline to consider the assignments of error.

There appearing no fundamental error that would justify a reversal of the judgment, it is affirmed.