COMMONWEALTH BONDING & CASUALTY INS. CO. v. BRYANT. (No. 7399.)*

(Court of Civil Appeals of Texas. Dallas. April 8, 1916. Rehearing Denied May 13, 1916.)

1. EXCEPTIONS, BILL OF ⊜26 — SHOWING EXCEPTIONS.

Though a bill of exceptions to overruling of objections set forth therein to a charge does not formally recite that counsel excepts to the action of the court, the concluding recital that counsel excepts thereto is, by necessary implication, such an exception.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 33; Dec. Dig. ⊜26.]

2. APPEAL AND ERROR ⊜499(4)—REVIEW—INSTRUCTIONS—OBJECTIONS—BILL OF EXCEPTIONS.

A bill of exceptions to the giving of a charge, to authorize review, must, under Acts 33d Leg. c. 59, affirmatively show that the objections were presented before the charge was read to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2298; Dec. Dig. ⊜499(4).]

3. APPEAL AND ERROR ⊜544(3)—QUESTIONS REVIEWABLE—PEREMPTORY INSTRUCTIONS—"FUNDAMENTAL ERROR."

The giving of a peremptory charge does not present a "fundamental error," or one apparent on the face of the record, which can be reviewed without a sufficient bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2417, 2424, 2479; Dec. Dig. ⊜544(3).

For other definitions, see Words and Phrases, First and Second Series, Fundamental Error.]

4. TRIAL ⊜145 — INSTRUCTIONS — WITHDRAWAL OF ISSUES.

A requested charge that plaintiff is not entitled to the weekly indemnity for total disability is a peremptory one, though not preventing recovery for partial disability.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 328, 341; Dec. Dig. ⊜145.]

5. TRIAL ⊜143—PEREMPTORY CHARGE.

A case should not be withdrawn from the jury, and a peremptory charge given, where there is in the evidence such conflicts or matters and facts that reasonable minds might reach different conclusions in regard to the controlling and material facts deducible therefrom.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. ⊜143.]

6. INSURANCE ⊜524—ACCIDENT INSURANCE—"TOTAL DISABILITY."

One need not be absolutely disabled to do some acts usually done by him in carrying on his occupation to be "totally disabled," within an accident policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1310; Dec. Dig. ⊜524.

For other definitions, see Words and Phrases, First and Second Series, Total Disability.]

7. INSURANCE ⊜665(8) — ACCIDENT INSURANCE—FURNISHING PROOF OF DISABILITY—WAIVER—EVIDENCE.

Evidence, in an action on an accident policy, held sufficient to establish waiver as to furnishing proof of continuance of disability.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1725; Dec. Dig. ⊜665(8).]

8. APPEAL AND ERROR ⊜1050(3)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Admission of evidence in an action on an accident policy of offer by defendant and refusal by plaintiff of a draft was harmless, as it could not be considered an admission of total disability, rather than partial disability, the real issue in the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4155; Dec. Dig. ⊜1050(3).]

9. INSURANCE ⊜645(3)—PROOF OF LOSS—WAIVER OF PLEADING.

Facts, and not the evidence thereof, being all that is necessary to be pleaded, it is sufficient pleading of waiver in an action on an accident policy, to authorize the showing of conversations with defendant's agents, for plaintiff to plead that he was informed by defendant that further proofs of loss were unnecessary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1634; Dec. Dig. ⊜645(3).]

10. CONTINUANCE ⊜30—SURPRISE—SUPPLEMENTAL PETITION.

Defendant having from the commencement of action on an accident policy, known that plaintiff claimed total disability, it was not entitled to a continuance on the ground of surprise, because of a supplemental petition, filed just before trial, in response to an amended answer filed on the same day, alleging that plaintiff performed his duties as a railway conductor after he was injured, such petition alleging that, while he did make three trips after his injury, his duties were largely performed with the assistance of other employés.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 99–112; Dec. Dig. ⊜30.]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by C. M. Bryant against the Commonwealth Bonding & Casualty Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Speer & Brown, of Ft. Worth, and Crosby, Hamilton & Harrell, of Greenville, for appellant. L. L. Bowman, F. M. Kemp and Yates, Sherrill & Starnes, all of Greenville, for appellee.

RASBURY, J. Prior to the institution of this suit appellant, in consideration of a fixed premium and of certain warranties on the part of appellee, insured appellee in the sum of $7,500 against bodily injuries effected directly and independently of all other causes through external, violent, and accidental

means. The benefits of the insurance were available to appellee under several provisions of the policy, depending upon the character of the injury received. Those necessary to a determination of this controversy are the indemnity provisions which provide, in effect, that in case of bodily injuries, effected in the manner just narrated, and which immediately, continuously, and wholly disable and prevent appellee from performing any and every kind of duty pertaining to his occupation, appellant will pay for the period of such total disability a weekly indemnity of $25 per week to an amount not exceeding the principal sum; provided that, in the event any injuries received as stated should only disable and prevent appellee from performing one or more important daily duties pertaining to his occupation, appellant will pay one-half of the weekly indemnity for such partial disability for a period not to exceed 26 weeks. There are other provisions of the policy relating to the presentment of claims, the manner and time of payment, etc., which will be noticed if it becomes necessary when discussing the issues to which same are material. The policy was issued February 19, 1912. Appellee, who was by occupation a railway conductor, was accidentally injured October 1, 1912. This suit was commenced October 5, 1914. The purpose was to recover the total disability indemnity for the period from October 1, 1912, to October 1, 1914, or 104 weeks at $25 per week. There was a trial before jury. At the conclusion of the evidence appellee requested peremptory instruction for the full indemnity for the claimed period which was given. Upon the jury's instructed verdict judgment was entered for appellee for $2,600, from which this appeal is taken.

It is, in effect, conceded by appellant in this court that it issued the policy, and that appellee was injured at the time, place, and in the manner alleged. Appellant, however, denies that appellee was totally disabled within the meaning of the policy, but only partially disabled, and hence entitled to recover, at most, the full period of 26 weeks allowed for partial disability under the policy. Appellee, on the contrary, maintains that the uncontradicted testimony adduced at trial conclusively establishes total disability within the meaning of the policy for the full period of 104 weeks.

[1-3] The action of the court in peremptorily instructing verdict for appellee constitutes appellant's first and second assignments of error. Appellee, however, in limine, objects to the consideration of the assignments for the reason that there is nothing in the record to show that appellant objected to the giving of said peremptory instruction before same was read to the jury and because the record does not disclose that exception was reserved to the action of the court in overruling the objections. The objection to the consideration of the assignments is grounded upon the amendments to the practice acts en-

acted by the Thirty-Third Legislature (chapter 59, page 113), which, with the construction repeatedly placed thereon by the courts, are familiar to bench and bar. The facts, in reference to the instructed verdict, as disclosed by the record, are these: The court instructed the jury to return a verdict for appellee for $2,600. For various reasons unnecessary to enumerate, the appellant objected and excepted to the charge, and the document containing the objections and exceptions was approved, signed, and ordered filed by the district judge. Nowhere, however, in or upon the paper is it made to affirmatively appear that the objections to the charge were presented to the court before the charge complained of was read to the jury. Considering the objections in inverse order, we conclude the document referred to is, in substance, a bill of exceptions so far as relates to the objections to the charge and the exceptions to the refusal of the court to sustain them. A bill of exceptions is defined to be:

"A written statement of objections to the decision of a court upon a point of law, made by a party to the cause, and properly certified by the judge or court who made the decision." 1 Bouvier, 348.

While the document does not recite in formal language that counsel excepts to the action of the court in refusing to sustain the several objections set forth therein, it does recite at the conclusion thereof that counsel excepts to same, which is, in substance and by necessary implication, an exception to the refusal of the court to sustain the objections. We do conclude, however, that the bill is insufficient on the ground that it fails to affirmatively disclose that the objections to the charge were presented to the court before the charge complained of was read to the jury. Such a showing is a condition precedent to reviewing the action of the trial court in giving its main charge or in giving or refusing to give special charges, since it was contemplated by the amendments that all attacks upon any of the enumerated charges should be submitted to the trial judge in advance of reading same to the jury, in order that he might add to or correct same if erroneous. Upon failure to do so all errors are waived. St. L. S. W. Ry. Co. v. Wadsack, 166 S. W. 42; Heath v. Huffhines, 168 S. W. 974; Case & Sons Cutlery Co. v. Folsom, 170 S. W. 1066; G., T. & W. R. Co. v. Dickey, 171 S. W. 1097; Texas Midland R. R. et al. v. Horton, 172 S. W. 558. In a reply brief appellant asserts that, even though the bill of exceptions is insufficient for the reasons urged, the assignment should be considered because the giving of a peremptory charge presents error "apparent on the face of the record," or, as it is sometimes called, "fundamental error." This issue has also been decided adversely to appellant. Stephenville, N. & S. T. Ry. Co. v. Wheat, 173 S. W. 974; Needham v. Cooney, 173 S. W. 979; Texarkana & Ft. Smith Ry. Co. v. Brass, 175 S.

W. 778. In our judgment the objections to any consideration of the assignments are well taken. While it is to be regretted that the assignments must be disposed of upon an issue which precludes an examination into what might be a vital question in the case, and while we might, if choice was a right with us, prefer to do so, at the same time the law of procedure must be reasonably and substantially enforced, since to do so tends to the best ultimate administration of the substantive law.

[4-6] The third assignment of error complains of the refusal of the court to peremptorily instruct the jury that appellee was not entitled to recover the weekly indemnity of $25 per week for total disability. The same objections are urged to a consideration of the assignment presenting the court's action in reference to the refused charge that are contained in the objections to the consideration of the first and second assignments of error. The objections, however, are not available in reference to the peremptory instruction requested by appellant, for the reason that the bill of exceptions, reserving the objections to the court's action in addition to the matters contained in the first bill, also contains the recitation in substance that the refused charge was requested after the main charge had been submitted to counsel for examination, and before it was read to the jury, and was by the court refused, and to which refusal appellant excepted. Thus it appears that the bill contains all the essentials of a bill of exception as defined in this opinion, as well as the affirmative showing that the court was requested to give the special charge in favor of appellant before giving the one in favor of appellee. Hence it becomes our duty to consider the assignment. The proposition urged is that the charge should have been given because the uncontradicted testimony establishes that appellee was not wholly disabled and prevented from performing any and every kind of duty pertaining to his occupation, and hence not, as matter of law, entitled to recover the weekly indemnity of $25. The charge was a peremptory one, although it is inferentially argued that it did not prevent appellee from recovering for partial disability. Even so, and yet it would be a peremptory charge, since it instructed the jury that appellee would, in no event, be entitled to recover the $25 per week indemnity. Accordingly we feel constrained to discuss it from that standpoint. The question then is, was the evidence bearing upon the issue of appellee's total disability as contemplated by the policy sufficient to require the submission of that issue to the jury? Broadly speaking, a case should not be withdrawn from the jury where there is such conflict in the evidence as that reasonable minds might reach different conclusions in regard to the controlling and material facts deducible therefrom. Or as said in the leading case of Joske v. Irvine, 91 Tex.

574, 44 S. W. 1059, it is the duty of the court to instruct verdict, although there be slight testimony, if its probative force be so weak as to raise only a mere surmise or suspicion of the existence of the fact sought to be established. In the light of the rule quoted we have carefully considered the evidence assembled in the briefs of both parties, and have reached the conclusion that there was in the evidence not conflicts, but matters and facts from which reasonable minds might reach different conclusions as to whether appellee was totally disabled within the meaning and contemplation of the policy as construed by our Supreme Court. We base our conclusion on the holding in Fidelity, etc., Co. v. Getzendanner, 93 Tex. 487, 53 S. W. 838, 55 S. W. 179, 56 S. W. 326. In the case cited our Supreme Court, in discussing a provision in an accident policy practically identical with the one contained in the policy upon which appellee recovered in the instant case, states that under such provision the great weight of authority holds that the insured is "entitled to recover, although he was not absolutely disabled to do some acts usually done by him in carrying on his occupation." However, in passing upon the correctness of the charge given in the same case, which told the jury if the plaintiff was disabled from performing the duties of his occupation "in a manner reasonably as effective as the same would have been performed if the injury had not been sustained," the court ruled such charge was error requiring a reversal; for the reason, as argued by the court, under such a charge one "with a sprained finger might not be able to pursue his calling as effectively as if he had not received the injury and at the same time, he might be able to do without serious inconvenience 90 per cent. as much work as he could have done before the accident happened." Now, while we have not attempted to set out the evidence in the case, it appears that appellee could perform some of his duties while some of them he could not perform. It also appears from the evidence what his duties were. As to whether he was totally disabled to perform those duties was a relative question of fact for the determination of the jury under appropriate instructions from the court. The case cited from our own Supreme Court does not suggest what would be a correct charge in such cases, but, as said in Hohn v. Interstate Casualty Co., 115 Mich. 79, 72 N. W. 1105:

"Total disability must, of necessity, be a relative matter, and must depend largely upon the occupation and employment in which the party insured is engaged. * * * He was not able to prosecute his business unless he was able to do all the substantial acts necessary to be done in its prosecution."

In the same case it was said that the trial court could properly have charged the jury that, "to entitle the plaintiff to recover, he was not required to prove that his injury disabled him to such an extent that he had no

physical ability to do what was necessary to be done in the prosecution of his business, but that it was sufficient if he satisfied them that his injury was of such a character and to such an extent that common care and prudence required him to desist from his labors, and rest as long as it was reasonably necessary to effect a speedy cure so that a competent and skillful physician called to treat him would direct him to do so." Such are the reasons why we conclude the peremptory instruction was properly refused; and for such reasons we would have held the peremptory instruction given for appellee erroneous had the action of the court in that respect been properly challenged.

[7] The fifth assignment is predicated upon the refusal of the court to instruct the jury that appellee could not recover for the reason that the uncontradicted testimony established that appellee did not furnish proof of disability or continuation thereof, as provided by the policy. Objections are made to consideration of the assignment, but are overruled for the reasons indicated in our discussion of the objections to the third assignment of error. By the policy, if appellee's injuries disabled him for a period greater than 8 weeks, claim and proof thereof are required by the policy to be made every 8 weeks. The policy also provides that:

"Affirmative proof of * * * duration of disability must be furnished to the company within four months from the time of * * * termination of disability."

Appellee furnished proof of disability for two periods of 8 weeks each. No further proof was furnished. As reason therefor it is urged that further proofs were waived. The evidence in respect to waiver shows that appellee wrote appellant to furnish him forms for making proof for the third 8-week period, which it was the custom of the appellant to do. Appellant replied that the request had been referred to one of its agents in charge of the claim department. Shortly thereafter appellee met the agent to whom his letter was referred in Dallas, and inquired why forms had not been furnished. The agent said it was unnecessary, as he had all the papers and they could probably adjust the claim without that. Appellee also discussed forms of proof twice with appellant's manager, once in the office of appellee's physician, and again at the time he met the agent just referred to. The manager told appellee that the adjustment had been turned over to the agent designated, and would probably be settled all right as soon as he could get certificates or information from the doctors, and that it was not "necessary to make out any more reports," and appellee thereafter made no proof of disability. The effect of the testimony of Mr. Kennedy, the agent to whom appellee was referred, was that he did not recall making the statement attributed to him, and that he thought appellee was mistaken, as he did not think he would make such a statement. Hill did not testify. Appellee's testimony established a waiver of further proof, both on the part of Kennedy and Hill, and the deduction from Kennedy's testimony is an admission thereof, since in the last analysis he gives it as his opinion that he did not make the statements accredited to him, not a denial thereof. It is unnecessary to cite authority that furnishing of proof of disability may be waived.

[8] The ninth and tenth assignments of error complain of the action of the court in permitting appellee to plead and prove that he refused to accept a draft for $450 because by so doing he would, in cashing the draft, be compelled to accept that amount in full satisfaction of all demands against the appellant. It is urged that the draft and appellee's letter, declining to accept same, was admissible to prove notice of his injury, which was an issue in the case. We do not think so. At the same time we conclude that the action of the court in the respect stated is insufficient upon which to reverse the case. Even if proof of the offer to adjust or compromise could have been considered an admission of liability, it was, in our judgment, a matter of small influence, certainly not one of such controlling influence as would have produced a different result if excluded. Particularly could it not have been an admission of total disability, the real issue in the case.

[9] The eleventh and twelfth assignments of error complain of the admission of the evidence detailing the conversation between appellee and appellant's agents Kennedy and Hill, mentioned at another place in this opinion, on the ground that such evidence was inadmissible because the facts, relied on to constitute the waiver, were not pleaded, and because the policy provides there can be no waiver of its provisions save by an indorsement upon the policy signed by its president. Appellee pleaded that he was informed by appellant that further proofs of loss were unnecessary, and under such allegation the evidence was admissible. Facts and not the evidence thereof is all that is necessary to be pleaded. The other point is well settled against appellant's contention, and we do not consider it necessary to cite authorities supporting the proposition.

[10] The fourteenth assignment complains of the refusal of the court to continue the case upon the application of appellant on the ground of surprise. Just before the case was called for trial appellee filed a supplemental petition, in which he alleged, among other matters, that while it was true that he did make three trips in the performance of his duties after his injuries were received, same were largely performed with the assistance of other employés. These allegations were in response to defensive allegations set up in appellant's amended answer filed on the same day, in which it was alleged that appellee did perform his duties as a railway conductor

after he was injured. The application for continuance was sought in order to secure the attendance of the brakeman and the porter who made the trips with appellee, by whom appellant expected to prove that appellee did perform his duties on said trips and was not assisted by them. We think the application for continuance was properly overruled. Appellant from the commencement of the suit knew that appellee was claiming total disability. As a defense to such claim it urged specifically that he did, after his injuries, perform for a considerable time many of his duties. The testimony shows that all he did was to make three trips immediately after being injured and it must have been these trips which appellant had in mind when the allegations were made that he did perform his duties, and for which it should have been prepared.

We have not specifically discussed the fourth and eighth assignments because the issues raised thereby are covered by our discussion and disposition of the first and second assignments. The sixth and seventh assignments are not considered, because improperly presented, but they raise the same issues disposed of by our consideration of the fifth assignment. While we have not discussed the thirteenth assignment, and while we think the testimony complained of therein was at best the opinion of the witness, and hence inadmissible, yet the error is not sufficient grounds for reversal.

For the reasons stated, the judgment is affirmed.