THORNE v. DASHIELL. (No. 616.)

(Court of Civil Appeals of Texas. El Paso. Oct. 27, 1916. Rehearing Denied Dec. 7, 1916.)

1. APPEAL AND ERROR ⬪499(4)—RECORD—SCOPE—PRESERVATION OF EXCEPTIONS.

Acts 33d Leg. c. 59, § 3, amending Rev. St. 1911, art. 1971 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), to require objections 'to the court's charge to be made before the charge is

read to the jury, applies to peremptory instructions, so that, in the absence of record showing that objection to a peremptory charge was made before it was read to the jury, the objection cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2298; Dec. Dig. ☞499(4).]

2. APPEAL AND ERROR ☞544(1) — SCOPE — PRESERVATION OF EXCEPTIONS.

Where no bill of exceptions was taken to refusal of requested instructions, as required by Acts 33d Leg. c. 59, § 3, amending Rev. St. 1911, art. 2061 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2061), assignments of error based on such refusal will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2412; Dec. Dig. ☞544(1).]

3. INJUNCTION ☞163(1)—TEMPORARY WRIT—DISSOLUTION.

There can be no error in dissolution of a temporary injunction issued at the beginning of a suit for plaintiff, in the absence of reversible error in the final judgment which was adverse to him.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 357, 363, 364, 368; Dec. Dig. ☞163(1).]

4. APPEAL AND ERROR ☞301 — ASSIGNMENTS OF ERROR NOT EMBRACED IN MOTION FOR NEW TRIAL.

Assignments of error not embraced in the motion for new trial, which, under Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), constitutes the assignments of error, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. ☞301.]

Appeal from Leon County Court; C. D. Craig, Judge.

Suit by N. E. Thorne against B. D. Dashiell. Judgment on peremptory instruction for defendant, and plaintiff appeals. Affirmed.

J. M. Chatham, of Centerville, and W. H. Reid, of Somerville, for appellant. Wm. Watson and L. T. Dashiell, both of Centerville, for appellee.

HIGGINS, J. Thorne brought this suit to cancel two promissory notes executed and delivered by him to appellee and to enjoin the negotiation thereof. Upon trial, a peremptory instruction was given in favor of the defendant, in accordance wherewith verdict was returned and judgment rendered.

[1] Various assignments relate to the correctness of the court's action in giving the peremptory instruction. Appellant filed written objections to the instruction, but there is nothing in the record to show that they were presented to the court before his charge was read to the jury as is required by article 1971, Rev. St., as amended by chapter 59, General Laws 33d Legislature, p. 113. The provisions of this act were considered at some length by the Supreme Court in Railway Co. v. Dickey (Sup.) 187 S. W. 184, and it was distinctly held that there must be some authentic record of the fact that the objections to the charge urged upon appeal were in fact presented to the trial court, and presented before his charge was read to the

jury. For the want of any such record in this case, the majority are of the opinion and hold that all assignments, urging objection to the charge, should be overruled. This conclusion is inevitable under the Dickey Case, unless it be that a peremptory charge is not a charge within the purview of the act mentioned. The majority of the court are of opinion that the act is applicable to such charges. It has been so held by nearly all of the various Courts of Civil Appeals. Railway Co. v. Wheat, 173 S. W. 974; Needham v. Cooney, 173 S. W. 979; Railway Co. v. Feldman, 170 S. W. 133; Case v. Folsom, 170 S. W. 1066; Bohn v. Burton-Lingo Co., 175 S. W. 173; Wickizer v. Williams, 173 S. W. 288; Railway Co. v. Wilson, 176 S. W. 619; Denison, etc., v. McAmis, 176 S. W. 621; Donaldson v. McElroy, 184 S. W. 1100; Commonwealth, etc., v. Bryant, 185 S. W. 979; Strong v. Harwell, 185 S. W. 676; McCall v. Roemer, 186 S. W. 409; Walker v. Haley, 181 S. W. 559. See, also, expression of opinion by Associate Justice Hawkins of the Supreme Court in Beaty v. Railway Co. (Sup.) 185 S. W. 298, at page 304.

Chief Justice Harper does not concur in this view, being of the opinion that a peremptory charge is not "a charge on the law of the case," nor does it submit issues of fact as affirmatively required by the concluding sentences of article 1971; therefore does not constitute a charge within the meaning of said article, and that it has no application to such charges. The majority believe such a charge to be a concrete application of "the law of the case" to the facts, and that it is within both the letter and spirit of the act noted, and to hold otherwise would be in obvious conflict with the legislative intent; that the Legislature did not contemplate any distinction between peremptory charges and an ordinary charge presenting the case pro and con and to make such a distinction would, in no little degree, impair that beneficial effect of the act, which required a party to present any and all objections he might have to a charge to the trial court, so that if they were meritorious, the error would be then and there detected and corrected.

[2] Certain assignments complain of the court's refusal to give special instructions requested by appellant. These are overruled because no bill of exception was taken to such refusal as the act above noted requires. Railway Co. v. Dickey, supra.

[3] The seventh and eighth assignments complain of the dissolution of the temporary injunction which was granted at the beginning of the suit. Manifestly there could be no error in this respect, unless there be some reversible error in the judgment rendered in defendant's favor on the trial upon the merits. None such is presented by this record.

[4] The ninth assignment is too general to be considered. Furthermore, it is not em-

braced in the motion for a new trial which constitutes the assignments of error under chapter 136, General Laws 33d Legislature.

Affirmed.

⚖➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes