CARR v. PECOS VALLEY STATE BANK et al. (No. 633.)

(Court of Civil Appeals of Texas. El Paso. Nov. 23, 1916.)

APPEAL AND ERROR ⚖═499(4) — RECORD — SCOPE—PRESERVATION OF EXCEPTIONS.

Acts 33d Leg. c. 59, § 3, amending Rev. St. 1911, art. 1971 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), to require objections to the court's charge to be made before the charge is read to the jury, applies to peremptory instructions, so that, in the absence of record showing that objection to a peremptory charge was made before it was read to the jury, the objection cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2298; Dec. Dig. ⚖═499(4).]

Appeal from District Court, Reeves County; W. A. Hudson, Judge.

Action by the Pecos Valley State Bank against H. V. Carr. Judgment on peremptory instruction for plaintiff, and defendant appeals. Affirmed.

B. W. Baker, of Barstow, for appellant. Buck & Fleming, of Pecos, for appellee.

HIGGINS, J. In this case, appellees sought to recover upon certain notes executed by H. V. Carr and R. I. Carr, together with foreclosure of deed in trust given to secure the payment of the notes. Appellant, H. V. Carr, set up a homestead claim to a portion of the land upon which foreclosure was sought. The case was tried before a jury, and a peremptory instruction given in appellees' favor, in accordance wherewith verdict was returned and judgment rendered.

Appellants' only assignment of error complains of the court's action in giving the peremptory instruction, it being asserted that the evidence was sufficient to raise the issue as to whether or not the premises upon which foreclosure was sought was his homestead at the time the lien was attempted to be placed thereon. In Railway Co. v. Dickey, 187 S. W. 184, it was held by our Supreme Court that there must be some authentic record that objections to the general charge urged on appeal were in fact presented to the trial court, and presented before the charge was read to the jury. The record here presented is silent in this respect, for which reason the majority are of opinion that the assignment cannot be considered upon its merits. They are of the opinion that chapter 59, General Laws 33d Legislature, applies to a peremptory charge given by the court. It has been so held by most of the Courts of Civil Appeals. See Needham v. Cooney, 173 S. W. 979; Railway Co. v. Wheat, 173 S. W. 974; Railway Co. v. Feldman, 170 S. W. 133; Case v. Folsom, 170 S. W. 1066; Bohn v. Burton-Lingo Co., 175 S. W. 173; Wickizer v. Williams, 173 S. W. 288; King v. Gray, 175 S. W. 763; Railway Co. v. Wilson, 176 S. W. 619; Denison, etc., v. McAmis, 176 S. W. 621; Donaldson v. McElroy, 184 S. W. 1100; Commonwealth v. Bryant, 185 S. W. 979; Strong v. Harwell, 185 S. W. 676; McCall v. Roemer, 186 S. W. 409; Walker v. Haley, 181 S. W. 559; Tel. Co. v. Huffstutler, 188 S. W. 455; Thorne v. Dashiell, 189 S. W. 986, recently decided by this court and not yet reported. See, also, dissenting opinion of Justice Hawkins, of Supreme Court, in Beaty v. Railway Co., 185 S. W. 298, at page 304.

Chief Justice HARPER does not concur in this view of the majority, being of the opinion that the act in question does not apply to a peremptory instruction. His views upon this question are stated in Thorne v. Dashiell, supra.

But if the giving of the instruction could properly be considered upon its merits, the entire court is of the opinion that such action was proper, since the admitted facts show that appellant was precluded from asserting any homestead rights in the lands upon which foreclosure was sought under the rules announced in Haswell v. Forbes, 8 Tex. Civ. App. 82, 27 S. W. 566; Mortgage Co. v. Norton, 71 Tex. 683, 10 S. W. 301; Leslie v. Elliott, 26 Tex. Civ. App. 578, 64 S. W. 1037; Mortgage Co. v. Scripture, 40 S. W. 210; Carden v. Short, 31 S. W. 246; Harmsen v. Wesche, 32 S. W. 192; White v. Dabney, 46 S. W. 653; Watkins Land Co. v. Temple, 56 Tex. Civ. App. 65, 119 S. W. 728; Moerlein v. Mortgage Co., 9 Tex. Civ. App. 415, 29 S. W. 162, 948.

Affirmed.