STEVENS v. GUSTINE MERCANTILE CO.
(No. 745.)

(Court of Civil Appeals of Texas. El Paso. Oct. 18, 1917.)

1. SALES ☞354(1) — ACTIONS — PLEADING — SUFFICIENCY.

In an action on a note, an answer alleging that the payee represented to defendant that it would ship five pianos, worth $350 each, as an advertising proposition, for the price of $350, and that a friend of defendant's had accepted the proposition, when in truth and in fact the pianos were worth only $125 each, and no sale had been made to the person named, is sufficient to permit the showing of fraud in procuring the note as well as proof of failure of consideration, and is therefore sufficient.

2. BILLS AND NOTES ☞452(1)—DEFENSES— FRAUD.

That the maker of a note did not read it when he signed it would not preclude him from showing fraud and failure of consideration as between the original parties.

3. APPEAL AND ERROR ☞499(4)—SCOPE OF REVIEW—PRESERVATION OF EXCEPTIONS.

In the absence of record showing objections to the charge given or requests for other charges, assignments of error to peremptory instruction will not be considered.

Harper, C. J., dissenting in part.

Appeal from Comanche County Court; J. H. McMillan, Judge.

Action by Fred L. Stevens against the Gustine Mercantile Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Robt. L. Thompson, of Stephenville, for appellant. Smith & Palmer, of Comanche, for appellee.

HARPER, C. J. Fred L. Stevens, appellant, filed this suit against Gustine Mercantile Company upon a promissory note for $350 and interest, etc.

As a defense, the appellee alleged that the note was secured to be executed by the fraud of the payee, the Lyon Taylor Company. We copy the allegations from appellee's answer:

"Answering further herein, defendant says that the alleged note herein sued on was procured by the Lyon Taylor Company through fraud and misrepresentations, in this: That the said Lyon Taylor Company, acting by and through its agent, came to defendant's place of business in the town of Gustine, in Comanche county, Tex., and among other matters stated and represented to the defendant and its agents that if they would sign the alleged obligation that they would at their earliest convenience ship to the defendant and deliver to it at Gustine, Tex., one piano, and four other pianos whenever demanded by the defendant; that the defendant, relying upon said representations and promises, signed said alleged obligation believing that the said Lyon Taylor Company would ship one piano at an early date, and the four other pianos when called for by the defendant, as they had agreed they would do, and that after said agent of the Lyon Taylor Company had left, taking said obligation with him, and in a few days thereafter, the said Lyon Taylor Company sent to the defendant through the mail a statement as to the shipment of one piano and certain other items that were to be sent to the defendant by the said Lyon Taylor Company in addition to the piano, and the defendant immediately communicated directly with the Lyon Taylor Company to know if it meant and intended to send to the defendant five pianos in consideration of the $350 evidenced by said alleged note, as had been represented would be done by said purported agent, and that the said Lyon Taylor Company declined and refused to deliver to the defendant at Gustine, Tex., the five pianos as represented by said agent would be done, but did ship to Gustine, Tex., one piano, which the defendant declined and refused to accept. And the plaintiff has never tendered or offered said other four pianos as it agreed through its said agent it would do.

"Defendant further says that it believes and so alleges to be a fact that said representations so made by said agent of the Lyon Taylor Company were made to it with the purpose and intent to swindle and defraud this defendant, and were not made with the intent and purpose at the time of keeping and complying with the said representations."

In other counts defendant alleged:

"That the Lyon Taylor Company, through its agent, among other matters represented to the appellee that the purpose of the contract and sale of said pianos was one of advertising; that the cost of advertising is well known, and in widely circulated magazines like The Literary Digest was enormous, and that the Lyon Taylor Company had concluded to advertise their products by selling to merchants in various communities a number of their pianos at far below the actual cost of production, if the merchants would conduct a sale advertising contest, and in this way place the pianos in representative

homes; and that the pianos were worth $350 and were first class, and that their increased sales would compensate them for all losses; and further representing to the appellee that he, meaning the traveling salesman, had taken this matter up with R. W. Gray, of Proctor, a man well known to appellee for his business acumen and sagacity, and R. W. Gray, after a thorough investigation of the plan and its merits, had then subscribed to a like plan to that presented to appellee; and representing further, in effect, that said contract was the work of the advertising and that of the sales department of the Lyon Taylor Company; and among other things represented that in truth and in fact that said contract was not the work of the advertising department, but a scheme to sell said products at their full value, and made with the purpose of defrauding; and alleging that in fact that pianos were not sold at a price below the cost of production, but at an extravagant price in excess of their value on the market, and were not first-class pianos, but a cheap, inferior grade and worthless, and worth less than $125; and that in truth that it was never contemplated that five pianos would be delivered, and were not sold to advertise the Lyon Taylor pianos; and in truth said R. W. Gray of Proctor, Tex., had not examined their contract and had not made a similar contract; and that relying upon said representations, and believing that the said Gray had made a thorough examination of said contract as represented, and having great faith and confidence in the business judgment of said Gray, the appellee was induced to sign said contract and note sued on."

Upon trial with jury the court instructed a verdict for defendant, and judgment was entered accordingly, from which this appeal is prosecuted.

First assignment:

"The court erred in overruling plaintiff's general demurrer, and his special exception No. 1 as contained in his first supplemental petition, because defendant's answer on its face showed that it did not read the contract and note here sued on, and did not allege facts, sufficient under the law, excusing it from not reading same."

[1, 2] The view we take of the answer filed is that it is sufficient to permit proof of fraud in procuring the execution of the note which at the time was a part of a contract with Lyon Taylor Company as well as proof of failure of consideration therefor; therefore is sufficient. That the maker of a note did not read it at the time he signed it would not preclude him from pleading and proving fraud and failure of consideration as between the original parties to it.

The other assignments complain that it was error for the court to peremptorily instruct the jury, urging under the several assignments and their attendant propositions various reasons why it was error.

[3] The record here presented does not show that any objections were urged to the charge as given, nor that any special charge or charges were requested upon any issue in the case. These assignments will therefore not be considered by the court. Carr v. Pecos Valley State Bank, 189 S. W. 988.

The writer of this opinion does not concur in the holding next above for the reason indicated in Thorne v. Dashiell, 189 S. W. 986; but, nevertheless, concurs in the judgment of affirmance for the following reasons:

It is urged by the appellee that the peremptory instruction was properly given because the undisputed facts show that the note sued on was taken, together with other notes, by the appellant as collateral security for the payment of another note, and that he (appellant) has not met the burden upon him to prove that he will lose his debt unless permitted to collect the note sued upon, in cases where there is fraud or failure of consideration, as in this case. The undisputed evidence is that the note sued on was made payable to the Lyon Taylor Company; that the consideration for this note was as alleged in defendant's answer; that no pianos were delivered in compliance with the contract—that is, that the number of pianos called for in the contract were not delivered nor offered for delivery according to its provisions, as contended for by appellee, but if the one piano tendered was all that the contract called for, as contended by the Lyon Taylor Company, the undisputed evidence is that it was of such inferior quality as to justify the appellee in refusing to accept it as it did. It is further undisputed that appellant took the note of said Lyon Taylor Company in the sum of $2,895, and that the note sued on, together with several others, was taken as collateral security therefor, and there is no dispute that the Lyon Taylor Company were solvent and able to pay the whole of their note held by Stevens. Under this state of facts, it clearly appears that it was not necessary for appellant to collect the note sued on to collect his debt; and it further clearly appearing that the note sued on was obtained by fraud, and that the consideration therefor had wholly failed, the court did not err in giving the peremptory instruction for defendant. Bank v. Meister et al., 186 S. W. 377.

The fourth assignment is that:

"The court erred in peremptorily instructing the jury to find a verdict for the defendant because it was a material question of fact to be determined by the jury whether the agent of the Lyon Taylor Company misrepresented to the defendant the contents of the contract and note here sued on."

There was no request for instruction upon this issue; therefore appellant will not be heard to complain here. Foster v. Bennett, 178 S. W. 1001; Texas, etc., R. Co. v. Claybrook, 178 S. W. 580.

For the reasons assigned above, the assignments are overruled and cause affirmed.