MOSHER v. DINGEE et al. (No. 8843.)

(Court of Civil Appeals of Texas. Ft. Worth. April 6, 1918.)

1. APPEAL AND ERROR ⟨⟩500(4)—SCOPE OF REVIEW—PRESERVATION OF EXCEPTIONS.

Where record showed that the cause was tried March 22d and judgment on peremptory instruction was rendered the same day, and that plaintiff filed exceptions to the charge on the same day, but failed to show that· the court considered them or acted thereon, assignment of error to the giving of peremptory instruction could not be considered.

2. APPEAL AND ERROR ⟨⟩230—SCOPE OF REVIEW—PRESERVATION OF EXCEPTIONS.

To preserve the question for review, objection to the charge must be made before giving the charge to the jury, and the rule applies to peremptory instructions.

Error from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by B. M. Mosher against Mrs. Margaret Ann Holloway, individually and as executrix of the estate of H. C. Holloway, deceased, A. S. Dingee, and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Wm. R. Booth and D. W. Odell, both of Ft. Worth, for plaintiff in error. Bryan, Stone & Wade, of Ft. Worth, for defendants in error.

BUCK, J. Suit was instituted by plaintiff in error against Mrs. Margaret Ann Holloway, individually and as executrix or administratrix of the estate of H. C. Holloway, deceased, and others, for possession and the right to use as a road and means of ingress and egress to and from plaintiff's premises a certain strip of land across a portion of the premises belonging to the estate of H. C. Holloway, deceased. From a judgment denying the relief prayed for, Mrs. Mosher has prosecuted her appeal by writ of error. Only one assignment of error is presented, that is, to the giving by the court to the jury of a peremptory instruction in favor of the defendant. Appellees object to the consideration of this assignment on the ground that the record fails to disclose that any objection to the giving of the peremptory instruction was made by appellant before the court's charge was delivered to the jury, or that the objection was called to the attention of the court or was acted on by the court.

[1] The record discloses that the cause was tried March 22, 1917, and judgment upon peremptory instruction was rendered the same day. That plaintiff filed her exceptions to the court's charge on the same day, but there is nothing to show that the court considered the same or acted thereon. The term of the court ended March 31, 1917. A motion for a new trial was filed on March 24th, and on May 7th, at the next term, the court overruled the same and plaintiff excepted and gave notice of appeal. The appeal bond shows to have been filed April 11, 1917, and to have been given to enable the appellant to prosecute her appeal from a judgment rendered on the 10th day of March, 1917, and from the overruling of a motion for a new trial on March 31, 1917. In this state of the record we have concluded that appellee's objection to the consideration of appellant's assignment must be sustained.

[2] Objection to the charge must be made before the giving of the charge to the jury. Thorne v. Dashiell, 189 S. W. 986; Pearce v. Knights and Ladies of Honor, 190 S. W. 1156; Case v. Folsom, 170 S. W. 1066; and Railway Co. v. Wilson, 176 S. W. 619. It was held by the Supreme Court in the case of Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184, that while it was not necessary in order to obtain a review of a general charge of the court on appeal that a bill of exception to the charge should be reserved, yet it must appear that the objection was presented to the court before the charge was read to the jury. This rule was held in Thorne v. Dashiell, supra, to apply to peremptory instructions. See, also, Railway Co. v. Wheat, 173 S. W. 974; Needham

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. Cooney, 173 S. W. 979; Railway Co. v. Feldman, 170 S. W. 133; Case v. Folsom, 170 S. W. 1066; Railway Co. v. Wilson, 176 S. W. 619; Donaldson v. McElroy, 184 S. W. 1100. Writ of error was refused in Donaldson v. McElroy, supra.

The judgment is affirmed.

Affirmed.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes