INTERNATIONAL & G. N. RY. CO. v. FELDMAN. (No. 5388.)

(Court of Civil Appeals of Texas. Austin. Oct. 21, 1914.)

1. COURTS (§ 121*)—JURISDICTION—"AMOUNT IN CONTROVERSY"—INTEREST.

Where plaintiff sued in the county court for the killing of a horse of the value of $200, and prayed for judgment for $200, with interest from the date of the killing, the interest to the commencement of the suit constituted a part of the damages; and hence the amount in controversy exceeded $200, and was within the court's jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–426, 428, 450, 452, 458, 459, 466; Dec. Dig. § 121.*

For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy.]

2. APPEAL AND ERROR (§ 501*)—EXCEPTIONS—NECESSITY.

Under Rev. St. 1911, art. 2061, as amended by Acts 33d Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2061), providing that the court's ruling in giving, refusing, or qualifying instructions to the jury shall be regarded as approved, unless excepted to as previously provided, the court's refusal to instruct a verdict for defendant is not reviewable, where the record does not show that an exception was taken thereto at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

Appeal from Falls County Court; W. E. Hunnicutt, Judge.

Action by F. H. Feldman against the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Neff & Taylor, of Waco, for appellant. T. B. Bartlett and Spivey, Bartlett & Carter, all of Marlin, for appellee.

KEY, C. J. Appellee sued appellant in the county court for damages alleged to have resulted from the negligent killing by appellant of a horse belonging to appellee, and from a judgment rendered in appellee's favor, appellant has appealed.

Appellant's brief presents but two questions which are: (1) That, as the amount in controversy does not exceed $200, the county court had no jurisdiction; and (2) that error was committed in not instructing a verdict for appellant.

[1] 1. As to the first question, appellee alleged in his petition that the horse was killed on or about the 24th day of September, 1912, that it was of the value of $200; and prayed for judgment for $200, with interest thereon at the rate of 6 per cent. per annum from September 24, 1912, and costs of suit; and the suit was commenced January 13, 1913. The 6 per cent. on the $200 was not recoverable as interest eo nomine, but was recoverable as part of the damages; and, as it amounted to over $3, we hold that the amount in controversy as disclosed by the plaintiff's petition was more than $200, exclusive of interest. In other words, what the petition denominated interest was not interest in fact, as our Supreme Court has repeatedly held, but was recoverable as damages. Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031, and cases there cited, and Railway v. Mathews, 169 S. W. 1052, recently decided by this court, and not yet officially reported. Hence we overrule appellant's contention, and hold that the county court had jurisdiction.

[2] 2. Appellant's second contention is overruled because the record does not show that appellant excepted to the court's refusal to instruct a verdict as requested. In amending the statute regulating court procedure the Thirty-Third Legislature changed article 2061 so that it now reads as follows:

"The ruling of the court in giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles."

That article of the statute was construed by the Seventh Court of Civil Appeals in Mutual Life Insurance Association v. Rhoderick, 164 S. W. 1067, and by this court in G., C. & S. F. Ry. Co. v. Battle, 169 S. W. 1048, not yet officially reported, both courts holding that in cases tried after the amended article took effect no complaint can be urged against the action of the trial court in giving or refusing to give instructions, unless an exception be reserved to such action of that court. We are satisfied of the correctness of the rulings referred to, and deem it unnecessary to add anything to what has been said in the two cases cited.

Judgment affirmed.