KING et al. v. GRAY.   (No. 8129.)†
(Court of Civil Appeals of Texas. Ft. Worth. March 13, 1915. Rehearing Denied April 10, 1915.)

1. APPEAL AND ERROR ⬤═262 — FAILURE TO TAKE EXCEPTIONS.

Under Act March 29, 1913 (Acts 33d Leg. c. 59), providing that the ruling of a trial court in giving, refusing, or qualifying instructions shall be regarded as approved, unless excepted to, an assignment of error as to the granting of a peremptory instruction will not be considered, where no exception thereto was taken below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1582–1589, 1593–1595; Dec. Dig. ⬤═262.]

2. APPEAL AND ERROR ⬤═262 — PRESERVING EXCEPTIONS—INCONSISTENT POSITIONS.

Act March 29, 1913 (Acts 33d Leg. c. 59), provides that the ruling of the court in giving, refusing, or qualifying instructions shall be regarded as approved unless excepted to. A plaintiff failed, after he had introduced evidence, to preserve exceptions to a peremptory instruction, to find for defendant. On appeal he assigned error in the giving of such instruction, and in addition presented assignments that the verdict and judgment were not only not supported by the evidence, but were contrary to the undisputed facts proven. Held, that the assignments could not be considered, since it being necessary, under the statute, to regard the instructions as approved, and such approval constituting an invitation for the trial court to enter judgment, to allow complaint thereof on appeal would be to allow plaintiff to assume inconsistent positions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1582–1589, 1593–1595; Dec. Dig. ⬤═262.]

3. APPEAL AND ERROR ⬤═882—ASSIGNMENTS OF ERROR—INCONSISTENT POSITIONS.

A litigant on appeal will not be heard to complain of an error he himself invited, since to do so would be to permit him to assume inconsistent positions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. ⬤═882.]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by R. W. Gray against Mary J. King and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Smith & Palmer, of Comanche, for appellants. Goodson & Goodson, of Comanche, for appellee.

CONNER, C, J. This suit was instituted by Mary J. King against R. W. Gray, alleging, in substance, that at a date named she purchased a certain tract of land represented to contain 104¾ acres, but which in fact contained 41 acres less. She charged that the representations had been made by mistake or fraud; that she relied upon same, paying for the land the cash sum of $1,750. She further alleged that the defendant, Gray, had executed due conveyance, which contained a warranty of title, and which in terms described the tract of land as containing 104¾ acres of land. She, therefore, also declared upon the warranty, and prayed for damages. The defendant answered, pleading, in substance, that at the time of the purchase and conveyance mentioned in plaintiff's pleadings, the land in controversy was in fact owned by one C. M. Pearson, and that he (defendant) only held the legal title to the land conveyed in trust for said Pearson and as a security merely for the payment by Pearson of an indebtedness due defendant, of all which facts plaintiff was fully cognizant, that plaintiff in making her purchase negotiated with Pearson alone, and that defendant's only connection with the transaction was to make the conveyance described in the plaintiff's petition at the direction of Pearson. A jury was impaneled, and after the introduction of the evidence, the court gave a peremptory instruction to the jury to find for the defendant. The verdict and judgment followed in accordance with the direction, and the plaintiff has appealed.

[1] In the first three assignments of error complaint is made of the court's peremptory

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

† Writ of error pending in Supreme Court.

instruction, but we must sustain appellee's objection to a consideration of these assignments for the reason that no exception was taken to the action of the court in giving the charge, as provided in our statutes on the subject. See act approved March 29, 1913 (Gen. Laws, 1913, p. 113) ; Heath v. Huffhines, 168 S. W. 974; T. & P. Ry. Co. v. Tomlinson, 169 S. W. 217; Cleburne St. Ry. Co. v. Barnes, 168 S. W. 991. Nor in this respect is the law less mandatory because of the fact that the instruction under consideration was peremptory rather than one submitting issues in the case. See Railway Co. v. Wheat (No. 8015) 173 S. W. 974, by this court not yet officially published; Railway Co. v. Feldman, 170 S. W. 133, by the Court of Civil Appeals for the Third District.

[2] What we have stated, however, but introduces a question not heretofore determined by any of the courts of our state, so far as we know, and which arises by reason of the fact that, in addition to appellant's assignments complaining of the action of the court in giving the peremptory instruction, she also presents assignments insisting that the verdict and judgment are, not only without support in the evidence, but contrary to the undisputed facts proven. Appellee also objects to a consideration of these assignments for the reason that:

"By the failure of the appellant to bring the alleged error of the trial court before this court for review, the appellant approved and acquiesced in the judgment, and the same cannot be reviewed, and said judgment so approved is final against the appellant, and any other alleged error becomes wholly immaterial; and, although it might appear that the other alleged errors would have been sustained in a proper case for their consideration, they are eliminated for consideration in this case because of the instructed verdict and judgment not having been complained of or properly brought here for review."

The question is not without difficulty, and we have felt some hesitation in arriving at a conclusion, being without guide, as stated, by a decision of any of our courts. We have, however, finally concluded that appellee's objections to the consideration of the assignments, so far as they apply in this case, must be sustained. The law already referred to specifically provides that:

"The rulings of the court in the giving, refusing, or qualifying of instructions to the jury shall be regarded as approved, unless excepted to as provided for in the foregoing article."

If the peremptory instruction to find for the defendant must be regarded as approved, as this law declares, we have a case where the plaintiff, after the introduction of testimony, in open court approves an instruction, which in its logical and necessary effect must bring about a verdict and judgment against her on the facts. It is difficult to see upon what principles he should thereafter be heard to say that the evidence did not warrant the charge. It is in effect an invitation for the court to do just what it did

do. Cleburne Street Ry. Co. v. Barnes, 168 S. W. 991. And it would seem that thereafter she should be heard to complain only of questions not involving a determination of the sufficiency of the evidence. A failure to complain in a motion for a new trial of a want of sufficient evidence to sustain a verdict has long been held to preclude such complaint on appeal.

[3] It is also a well-settled rule, as stated in the case of Railway Co. v. Barnes, cited above, that a litigant on appeal will not be heard to complain of an error he himself invited. To do so is to permit him to assume inconsistent positions, which is never permitted in proceedings of the nature of the one under consideration. See, also, generally, 3 Cyc. p. 242 et seq.; 2 Cyc. 644. As already indicated, we see no sufficient reason to herein deny the application of the principles referred to. We do not wish to be understood, however, as holding that a distinction is not to be made in favor of one who has acquiesced in the submission of the issues, or that no exceptions to the rule announced are to be made. It will be time enough to determine such questions as circumstances require. In other words, we wish to be understood as limiting our present ruling to the particular facts in this case. It follows that appellant's assignments of error must be disregarded and the judgment affirmed.

Affirmed.