GESTEAN et al. v. BISHOP et al.*
(No. 498.)

(Court of Civil Appeals of Texas. El Paso. Nov. 18, 1915. Rehearing Denied Dec. 9, 1915.)

APPEAL AND ERROR ☞215—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW— OBJECTIONS TO INSTRUCTIONS—NECESSITY.

In trespass to try title, where the only issue was that of limitations, error in a charge on that issue cannot be considered, where there was no objection below and exception taken, as required by Acts 33d Leg. c. 59; there being nothing in the statute to indicate an intention to except from its provisions fundamental errors.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309–1314; Dec. Dig. ☞ 215.]

Error from District Court, El Paso County; M. Nagle, Judge.

---

Action by Clark Bishop and others against Anna Gestean and husband. There was a judgment for plaintiffs, and defendants bring error. Affirmed.

Coldwell & Sweeney, of El Paso, for plaintiffs in error. F. G. Morris and M. W. Stanton, both of El Paso, for defendants in error.

HIGGINS, J. Defendants in error sued Daniel Gestean and Wife, Anna Gestean, in trespass to try title, and recovered. Gestean and wife prosecute this writ of error.

Anna Gestean claimed title in her own right by virtue of the ten-year statute of limitation. There is evidence in the record that Gestean and wife went into possession of the lots in controversy, and remained in possession thereof until the date of the filing of this suit on July 6, 1911. On May 25, 1907, Daniel Gestean, the husband, intervened in a suit pending in the district court of El Paso county, wherein Clark Bishop and others sued Winn and Thorn to recover the title and possession of the premises involved in the present suit. The intervener claimed the premises in his own right by virtue of the ten-year statute of limitation. The plaintiffs in said suit recovered judgment against the intervener and the other parties thereto.

In the present suit the court in its charge instructed the jury that the ten-year statute of limitation ceased to run in favor of Anna Gestean upon May 25, 1907, when her husband intervened in said suit of Clark Bishop and others against Winn and Thorn. It is contended by plaintiffs in error that this intervention by the husband did not stop the running of the statute of limitation in favor of the wife, and same continued to run in her favor up to the date the present suit was filed, and the court therefore erred in that portion of his charge limiting the period of the operation of the statute to May 25, 1907. This is the only error assigned. The record does not show that this objection to the charge was urged in the court below and exception taken, as is required by Acts 33d Leg. c. 59, p. 113. For this reason the assignments must be overruled.

Careful consideration has been given to the able argument of counsel, insisting that the error in the charge complained of is fundamental in its nature, or an error in law apparent upon the face of the record, and that as to such errors consideration should be given to the merits of the objection, notwithstanding the failure to except. It is unnecessary to determine whether it could be considered as an error of this nature. It appears, if error at all, to be simply an erroneous charge upon the true and only issue in the case; and the conclusion is reached that by virtue of the statute, and the failure to except as it provides, the charge as given must be regarded as approved, and all error

therein waived. This is the plain language of the statute, and it would be in direct conflict therewith to consider errors in a charge simply because they are fundamental in their nature, or errors in law apparent on the face of the record. There is nothing in the statute to indicate an intention to except such errors from its operation, and to so hold would be to engraft an exception in no wise provided for, and which is contrary to the spirit and purpose of its enactment. In the opinion of this court, it is not permissible to do so.

Had it been the purpose of the Legislature to except such errors from the statute, appropriate language to that effect would doubtless have been used. There is no reason why such errors in a charge cannot be waived. McKenzie v. Irrigation Company, 166 S. W. 497; Needham v. Cooney, 173 S. W. 979.

Affirmed.