WALKER et al. v. HALEY. (No. 497.)[*]

(Court of Civil Appeals of Texas. El Paso. Dec. 16, 1915. On Rehearing, Jan. 13, 1916.)

APPEAL AND ERROR &⇒272—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—EXCEPTIONS—NECESSITY.

Under Rev. St. art. 1971, as amended by Acts 33d Leg. c. 59, providing that all objections to the charge shall, in every instance, be presented before the charge is read to the jury, and that all objections not so made shall be considered as waived, and article 2061, also as amended, providing that the giving, refusing, or qualifying of charges shall be regarded as approved, unless excepted to as provided, a defendant, to have reviewed the giving of a peremptory instruction, must except before it is submitted to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1611–1619; Dec. Dig. &⇒ 272; Trial, Cent. Dig. § 680.]

Harper, C. J., dissenting in part.

Appeal from District Court, Brewster County; W. C. Douglas, Judge.

---

Trespass to try title by L. Haley against J. W. Walker and others. From a judgment for plaintiff, defendants appeal. Affirmed.

See, also, 147 S. W. 360.

J. D. Martin, of Alpine, for appellants. Geo. M. Thurmond, of Del Rio, W. B. Teagarden, of San Antonio, W. Van Sickle, of Alpine, and Chas. Rogan, of Austin, for appellee.

WALTHALL, J. This is an action in trespass to try title to about 30 acres of land in what is known as the L. Haley block of land in Brewster county. The suit originally was filed by appellee against appellant Walker. Pending the litigation, and with knowledge of the suit and the claims of appellee and Walker asserted therein, appellant Bird bought from Walker. Appellants' answer consisted of a general demurrer and plea of not guilty. The defense asserted under said plea was estoppel. The case was tried to a jury, and, at the conclusion of the evidence, the court instructed a verdict for appellee.

Appellants presented no objection to the charge of the court and took no bill of exceptions thereto. The jury returned a verdict for appellee, upon which verdict the court entered judgment for appellee. In due time appellant filed a motion for a new trial, the grounds therefor, briefed and filed in this court, being four in number and all complaining of the peremptory instruction given. Appellee objects to a consideration by this court of the assignments of error, because of the failure of appellants to except to the court's charge. Article 1971, as amended by chapter 59, General Laws of the Thirty-Third Legislature of 1913, provides that all objections to the charge shall, in every instance, be presented to the court before the charge is read to the jury, and that all objections not so made and presented shall be considered as waived. And article 2061, in the same chapter, of said General Laws, further provides that the ruling of the trial court in the giving, refusing, or qualifying of instructions to the jury shall be regarded as approved, unless excepted to as provided. In the absence of an exception to the charge, this court must consider all objections to the charge as waived. King v. Gray, 175 S. W. 763, and the cases there referred to. The assignments presenting error to the court's charge cannot be considered, and the case is affirmed.

### On Rehearing.

The majority adhere to the view that the failure of appellant to comply with the provisions of chapter 59, Acts 33d Leg., precludes a consideration upon the merits of the assignments, all of which relate to the action of the court in giving a peremptory instruction in favor of appellee. It has heretofore been held by this and other Courts of Civil Appeals that the act in question applies to a peremptory instruction. Railway Co. v. Wheat (Ft. Worth) 173 S. W. 974; Needham v. Cooney (El Paso) 173 S. W. 979; Railway Co. v. Feldman (Austin) 170 S. W. 133; Case v. Folsom (Dallas) 170 S. W. 1066; Bohn v. Burton Lingo Co. (El Paso) 175 S. W. 173; Wickizer v. Williams (Austin) 173 S. W. 288; Railway Co. v. Wilson (Texar.) 176 S. W. 619; Denison, etc., v. McAmis (Texar.) 176 S. W. 621; Railway Co. v. Barnes (Ft. Worth) 168 S. W. 991; Elser v. Putnam (Ft. Worth) 171 S. W. 1052. See, also, Gestean v. Bishop, 180 S. W. 302, and McKenzie v. Irrigation Co., 166 S. W. 497, holding that a fundamental error may be waived. Chief Justice HARPER, however, is of the opinion that the giving of a peremptory instruction raises a question of fundamental error, and that the correctness of giving the charge should be reviewed whether or not there has been a compliance with the provisions of the act mentioned. In this respect he concurs in the view of the Amarillo court, as expressed in Hovey v. Sanders, 174 S. W. 1026; Owens v. Petroleum Co., 169 S. W. 192; Henderson et al v. Gilbert, 171 S. W. 304; Neville v. Miller, 171 S. W. 1109.

Considering appellant's assignments upon their merits, Judge HARPER is of opinion that they present no error, and concurs in the view that the cause was properly affirmed. Judge HIGGINS and Judge WALTHALL are likewise of opinion that the assignments, if considered upon their merits, would of necessity be overruled as being without merit. The entire court, therefore, concurs in the view that the cause was properly affirmed, and that the motion for rehearing should be overruled; and it is so ordered.