## FOSTER v. BALDEREZ.

### No. 8499.

Court of Civil Appeals of Texas. San Antonio. Nov. 26, 1930.

R. R. Smith, of Jourdanton, for appellant.

Nat L. Hardy and W. C. Williams, both of San Antonio, for appellee.

### SMITH, J.

This appeal is from a judgment obtained by Santiaga Balderez, plaintiff below and appellee herein, against George W. Foster, defendant below and appellant herein.

Appellee alleged in the court below that she was the owner of three certain cows, three calves, and five hogs, and in possession of a certain other calf as "bailee from the general owners thereof," and having the right to sue therefor; that one of the cows had a "value" of $100 and the other two of $60 each; that three of the calves were "of the value" of $25 each, and the fourth of the value of $20; that the hogs had a "value of approximately $10 each." It was alleged that appellant had wrongfully obtained possession of said live stock, had appropriated the same to his own uses, and refused to surrender such possession to appellee.

Appellee further alleged, "That the value of said goods is, to-wit, three hundred sixty-five dollars ($365.00) as above alleged, and that plaintiff has suffered loss as general damages for their wrongful detention alone, as aforesaid, by defendant, in the sum of, to-wit, five hundred dollars ($500.00)," and prayed for recovery of the title and possession of said animals, or, in the alternative, for judgment for their value.

Upon a trial of the cause the jury found that the reasonable value of one calf was $25, and of the remaining stock $275. The jury also resolved other issues the pertinency of which is not shown by the record, and which need not be considered here. Judgment was accordingly rendered in favor of appellee against appellant for $300.

No objection was urged in the court below to the form or substance of the court's charge or the issues submitted therein to the jury, and no statement of facts has been brought up, thus eliminating from the appeal all questions which involve the sufficiency of the evidence to support the pleadings, the verdict, and judgment.

We hold that the allegations in appellee's petition were sufficient as against the general demurrer to warrant proof of either the market or intrinsic value of the property involved, at the time and place of their conversion. Missouri, K. & T. Ry. Co. of Texas v. Crews, 54 Tex. Civ. App. 548, 120 S. W. 1110.

In her trial petition appellee alleged that the animals in controversy "have a value peculiar and special to the plaintiff herein, beyond their market value." She further alleged the "value of the goods to be $365," in accordance with other specific allegations of their "value" per head, and, further, that "she has suffered loss as general damage for their wrongful detention alone * * * $500." Appellant excepted to the allegation of special damages as being insufficient to state a cause of action thereon. The trial court erroneously overruled this exception, since it is obvious that the allegation was insufficient to warrant recovery of special damages. It is equally obvious, however, that the adverse ruling of the court upon this exception was rendered harmless by the failure of the court to submit the issue of special damages to the jury, thus eliminating that element from the case. The court submitted the issue only of "reasonable damages," which, in the absence of timely objections or requested additional instructions, must be regarded as a sufficient and proper submission of the matter of damages. The contentions of appellant in this connection really relate to the form in which the question of damages was submitted to the jury. These contentions, to be available, should have been presented below in objections to the court's charge to the jury.

Appellant correctly contends that in cases of conversion, such as that alleged here, the true measure of damages is the market value of the articles converted, or their intrinsic value in the absence of market value, at the time and place of the conversion. And under this correct proposition appellant complains that this measure was not pleaded by appellee, but only the "value" without specific reference to time or place, and that the jury found only the "reasonable value," without such reference. As we have already pointed out, the general allegation of "value" was sufficient, in the absence of special exception, to support proof of market or intrinsic value at the time or place of conversion. And it is elemental that in the absence of a statement of facts we must assume that the evidence supported the pleadings, so construed.

In this connection appellant further contends that the finding of the jury upon "reasonable value" only, and the failure to restrict this finding of value to the time and place of the conversion, will not support a judgment for damages for conversion. In determining the question of damages, however, the jury was limited, by the form of the issues submitted to them, to a finding as to the "reasonable value" of the converted animals. If appellant desired the issue to be submitted in different form, or that it be enlarged or modified so as to elicit a finding of the market or intrinsic value of the animals at the time and place of the conversion, it was his duty to object, at the time of the submission, to that form of submission, or request special instructions embodying his contentions. Failing to object at that time, he waived his right to object thereto at any time thereafter.

These conclusions settle the appeal, and the judgment is affirmed.