## NATIONAL LIFE & ACCIDENT INS. CO. v. BENNETT.

### No. 3025.

Court of Civil Appeals of Texas. El Paso. June 28, 1934.

Rehearing Denied July 19, 1934.

J. D. Buster, of Sherman, for appellant.

W. J. Durham, of Sherman, for appellee.

PELPHREY, Chief Justice.

On March 31, 1930, appellant issued an insurance policy for $426 on the life of Joe Bennett in which appellee was named as beneficiary.

On March 13, 1931, Joe Bennett died, and, while the record is not clear as to the cause of his death, there is evidence that he was badly burned. The policy contained the following provision: "If the Insured is not alive or is not in sound health on the date hereof; or if before the date hereof, the Insured has been rejected for insurance by this or any oth-

er Company, order or association, or before said date, has any pulmonary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, unless such rejection or previous disease is specifically recited in the 'Space for Endorsements' in a waiver signed by the Secretary, then in any such case the Company may, within the contestable period, declare this Policy void and the liability of the Company shall be limited to the return of the premiums paid on the policy."

Appellant in its answer denied its liability on the policy on the ground that the insured had made false representations as to his health in his application, in that at the time the policy was issued and prior thereto he had been afflicted with epilepsy and was subject to fits therefrom.

The jury, in response to a special issue, found that the insured was in good health at the time the policy was delivered. The court thereupon rendered judgment in favor of appellee for the amount sued for, plus $140 as attorney's fees. Motion for a new trial was seasonably filed, and, upon it being overruled, this appeal followed.

### Opinion.

Appellant's contentions are that it was entitled under the evidence to an instructed verdict; that the finding of the jury as to the insured being in good health should be set aside, the evidence overwhelmingly preponderating against it; that the charge of the court improperly placed the burden of proof upon appellant; and that the evidence of certain witnesses as to the condition of the insured's health was prejudicial, irrelevant, and immaterial.

The witness Bradshaw was asked the following question: "Q. Now, Bradshaw, please state from your observation of Joe Bennett at the time you saw him out there on your place out there state whether he appeared to be sick or well?"

He answered thus: "A. He appeared to be well."

This testimony was objected to as being irrelevant, immaterial, calling for a conclusion and opinion of the witness, prejudicial, and not being the proper test.

Dan Adams, another witness, was asked: "Q. Did you have occasion to observe him (referring to deceased) during the time he was out there?"

This question was objected to as follows: "Wait a minute, we object to that question unless counsel can show the period of time and be definite about the time which he was shown to be disabled about having fits. Anything that this witness might testify about his physical condition from January, 1930, up until his death I have no objection to it."

The objection was overruled, and the witness testified: "Yes, he went out there to work for the Company while I was there. I have seen quite a few sick people during my life. I would form some conception of him from the way I would see him from time to time so that I would have some conception of him. He appeared to be a well man. If he had not he would not have been there."

The statements of these witnesses as to deceased's health were statements of fact and not conclusions; they certainly were relevant and material. Furthermore, appellant, having agreed that the witness Adams might testify as to the physical condition of deceased from January, 1930, up to the time of his death, cannot complain of the testimony of Bradshaw, on the ground that it was immaterial and irrelevant. We shall not here attempt to quote the testimony of the several witnesses as to the health of deceased; however, it was, in our opinion, sufficient to raise an issue and to support the jury's finding.

Error in the charge of the court must be called to the court's attention, and this is true, even though the errors may be fundamental. Alderete v. Cabello (Tex. Civ. App.) 278 S. W. 950; Gestean v. Bishop (Tex. Civ. App.) 180 S. W. 302; Port City Lumber Co. v. Markell (Tex. Civ. App.) 9 S.W.(2d) 449.

Appellant made no complaint of the charge in the lower court, and cannot now be heard to complain.

The judgment of the trial court is in all things affirmed.