## LLOYDS AMERICA v. PAYNE et al.
### No. 1617.

Court of Civil Appeals of Texas. Waco.
June 20, 1935.

Rehearing Denied Sept. 19, 1935.

Bryan & Maxwell, of Waco, for appellant.

Richey & Sheehy, of Waco, for appellees.

GALLAGHER, Chief Justice.

Appellees, C. N. Payne and Citizens National Bank of Waco, sued appellant, Lloyds America, an insurance association organized and operating under the laws of this state, to recover on a fire insurance policy issued by appellant to appellee Payne insuring him against direct loss or damage by fire on a certain gin house, gin machinery, and equipment in the sum of $3,000, and promising to pay such loss, if any, to said bank as its interest might appear. The case was submitted to the jury on special issues, in response to which findings of loss exceeding the insurance on each particular item insured were returned. The court rendered judgment on the verdict against appellant in favor of appellees for $2,914.97, being the amount of the policy sued on, less an indebtedness which appellee Payne admitted he owed to appellant.

### Opinion.

Appellant, in its first group of assignments, assails the sufficiency of the pleadings and findings of the jury to sustain the judgment. The specific contention in this connection is that since appellees did not allege in their petition that the fire which destroyed the property did not result from causes, liability for which was excepted by the terms of the policy, and that since there is no finding of the jury that the fire did not result from any such cause, fundamental error is shown. Appellees alleged in their petition that appellant had issued its policy insuring them against all direct loss or damage by fire to the property described therein, but did not make such policy an exhibit thereto. Nothing contained in said petition indicated that any particular risk was excepted from the general promise of indemnity contained in said policy. Appellant's answer consisted of a general demurrer and a general denial. No ruling by the court on such demurrer was invoked. No objection was made to the issues submitted nor to the failure of the court to submit any additional issue. Neither was the submission of any other issue requested. There is nothing in the transcript as a whole to indicate that any particular risk or risks were excepted from the liability assumed by appellant in its policy.

The general rule announced and applied by our Supreme Court is that where the liability of the insurer is limited by exceptions, the insured has the burden of

pleading that the loss sustained by him does not come within any of the same. Phœnix Insurance Co. v. Boren, 83 Tex. 97, 98, 18 S. W. 484; Washington Fidelity National Ins. Co. v. Williams (Tex. Com. App.) 49 S.W.(2d) 1093, 1094, par. 2; American Ins. Co. v. Maddox (Tex. Civ. App.) 60 S.W.(2d) 1074, 1077, par. 6; Boston Ins. Co. v. Fitzpatrick (Tex. Civ. App.) 75 S.W.(2d) 897, 898, par. 1. In the case of Phœnix Insurance Co. v. Boren, supra, the policy containing exceptions from liability for losses resulting from particular causes was attached to the petition and such exceptions were not negatived. A general demurrer to the petition was filed, but no ruling thereon invoked. A recovery on such petition was nevertheless sustained. The general rule of pleading above recited does not, however, apply when the policy is not made part of the petition, nor reference made to its terms and no exception to liability is disclosed. East Texas Fire Ins. Co. v. Dyches, 56 Tex. 565, 569; American Ins. Co. v. Maddox (Tex. Civ. App.) 60 S.W.(2d) 1074, 1077; Georgia Home Ins. Co. v. Trice (Tex. Civ. App.) 70 S.W.(2d) 356, 357, par. 2; American Ins. Union v. Daines (Tex. Civ. App.) 15 S.W.(2d) 97, 98, par. 1. Appellees' petition was therefore sufficient to state a cause of action and support a judgment of recovery. While the verdict of the jury does not include a finding that appellees' loss did not arise out of an excepted risk, since nothing contained in the transcript disclosed that any such issue was involved, the mere absence of a finding thereon does not show fundamental error.

Appellant presents another group of assignments in which it assails the sufficiency of the findings of the jury on the issue of the loss sustained by appellees to support the judgment rendered in their favor. The specific contention in this connection is that such findings amount in legal effect merely to findings of the value to appellees, as distinguished from market or other value, of the several items of property destroyed; that the value to appellees of the property destroyed is not the proper measure of their damage; and that the application of such measure was not warranted by their pleadings. Based on such contentions, appellant insists that the entry of judgment on such findings in favor of appellees constitutes fundamental error. Appellees alleged in their petition that appellant issued to appellee Payne its written policy insuring him against all direct loss or damage by fire not to exceed certain specified amounts on each item of property covered by such policy. Said allegations were in substantially the same language used in that connection in the policy. Appellees further alleged that the property destroyed was worth far in excess of the stipulated insurance thereon. This allegation was in legal effect that the value of the property destroyed was in excess of such insurance. The several issues submitted by the court invoked in each instance a finding by the jury of the loss sustained by appellees on account of the destruction of or damage to a separate item of the insured property. As we have heretofore stated, appellant made no objection whatever to the manner in which the case was submitted to the jury.

Absent pertinent and timely objection, error in the measure submitted by the court to guide the jury in assessing damages is not reviewable on appeal. Failure to object in such cases is an effective waiver of the error. Vernon's Ann. Civ. St., article 2185, and note 478 et seq.; Texas Company v. Ramsower (Tex. Com. App.) 7 S.W.(2d) 872, 876, par. 9; Jagoe Const. Co. v. Harrison (Tex. Civ. App.) 28 S.W.(2d) 232, par. 4; Port City Lumber Co. v. Markell (Tex. Civ. App.) 9 S.W.(2d) 449, 450, par. 2, and authorities there cited; Cummings v. Nix (Tex. Civ. App.) 279 S. W. 484, 487, pars. 4 and 5; Childress v. Pyron (Tex. Civ. App.) 285 S. W. 1100, 1101, par. 3, and authorities there cited; National Life & Accident Ins. Co. v. Bennett (Tex. Civ. App.) 73 S.W.(2d) 676, 677, par. 3; Gestean v. Bishop (Tex. Civ. App.) 180 S. W. 302, 303; Alderete v. Cabello (Tex. Civ. App.) 278 S. W. 950, 952, par. 3; Foster v. Balderez (Tex. Civ. App.) 32 S.W.(2d) 875, 876, par. 8; Williams v. Walker (Tex. Civ. App.) 290 S. W. 299, 301, par. 3; Largent v. Etheridge (Tex. Civ. App.) 13 S.W.(2d) 974, 978, pars. 16 and 17; Chase Bag Co. v. Longoria (Tex. Civ. App.) 45 S.W.(2d) 242, 244, pars. 4 to 6, inclusive, and authorities there cited.

Appellees' allegation that the property destroyed was of greater worth (value) than the stipulated insurance thereon was sufficient. It is not essential to the statement of a good cause of action that the petition set out or disclose a proper legal measure of damages. A statement of the facts essential to a cause of action is

all that good pleading requires. 13 Tex. Jur. pp. 314, 315, § 170; Texas & P. Ry. Co. v. Curry, 64 Tex. 85, 87; St. Louis S. W. Ry. Co. v. Jenkins (Tex. Civ. App.) 89 S. W. 1106, par. 3; Cummings v. Nix (Tex. Civ. App.) 279 S. W. 484, 487, par. 4; Foster v. Balderez (Tex. Civ. App.) 32 S.W.(2d) 875, 876, par. 2; Davis v. Standard Rice Co. (Tex. Civ. App.) 293 S. W. 593, 597, par. 4; Machaelis v. Preddy (Tex. Civ. App.) 295 S. W. 305, 307, par. 3.

 Appellant presents as fundamental error certain contentions which can be determined only by an examination of the statement of facts. An error that requires such examination does not come within the definition of fundamental error. Chase Bag Co. v. Longoria (Tex. Civ. App.) 45 S.W.(2d) 242, 245, par. 13, and authorities there cited.

The judgment of the trial court is affirmed.