## LEWIS v. GAMBLE.

### No. 1750.

Court of Civil Appeals of Texas. Eastland.

Feb. 4, 1938.

Earl W. Gammage and Charles D. Bauer, both of Houston, for appellant.

Bailey P. Loftin, of Houston, for appellee.

LESLIE, Chief Justice.

L. D. Gamble instituted this suit against A. B. Lewis to recover judgment for the sum of $250 actual damages, and $250 exemplary damages, alleging as a ground

therefor that said Lewis wrongfully converted his 1930 Model Buick automobile on or about June 21, 1934. Lewis answered by general demurrer, general denial, and alleged that he was acting as the agent of the Gulf Finance Corporation, and that Gamble had purchased the automobile, executing an installment note therefor and a mortgage securing the same, and that the provisions of the mortgage provided that on Gamble's default in the installment payments the holder of the note and mortgage was entitled to take peaceable possession of the automobile, sell same, apply the proceeds to the indebtedness, etc.

Lewis further alleged that Gamble thereafter abandoned the automobile, left it in a repair shop, incurred a bill thereon, which it was necessary for him to pay before possession of it could be gained, etc. He further alleged that he repossessed it under the terms of the mortgage on Gamble's default in payment, etc.

The case was submitted to a jury upon special issues and based upon the answers thereto the court rendered judgment in favor of Gamble against Lewis, who appeals assigning various errors raised in motion for new trial.

Further statement from the record will be made in the discussion of the questions raised.

■■ Appellant's first assignment is to the effect that the court erred in overruling his motion for new trial, complaining that the court, over his objections, forced him into trial in the absence of his attorney, Earl W. Gammage, who had theretofore twice tried the case with the result that the plaintiff each time had taken a non-suit at the conclusion of the testimony to avoid an adverse judgment. Some cogent circumstances are presented in connection with this contention, as, for instance, the first, that the plaintiff's suit was on a prior occasion dismissed for want of prosecution, although the court later reinstated the same, and the further fact that in the trial resulting in this appeal, the defendant was not only forced into the same in the absence of said Gammage, who was familiar with his case, but was required to proceed with the trial, employing the services of a young and inexperienced attorney who was unacquainted with the facts of the case and court procedure generally.

There are some elements in the contention that are persuasive that the defendant should not have been forced to trial in the absence of Judge Gammage, his regular attorney. Ordinarily, it is error to force a litigant to trial under circumstances depriving him of the services of an attorney who is already familiar with the case. Farmers' Gas Co. v. Calame, Tex. Civ.App., 262 S.W. 546. In such case a motion for new trial should be granted. However, a careful consideration of the allegations of the motion for new trial in the instant case convinces us that it fails to allege facts sufficient to show diligence upon the part of the defendant or said absent attorney. In addition, no motion for postponement or continuance of the case was made in order that said attorney might be present at the trial, and no facts are alleged excusing his failure in this respect. His absence is not shown to have been unavoidable. We are constrained to overrule this assignment without the discussion of other questions in connection therewith.

■ We next consider the thirteenth assignment of error. By it the contention is made that the court erred in basing a judgment upon the jury's finding in response to issue No. 8–A. That issue inquired "the value of the automobile at the time it was repossessed." The jury answered, "$275." The judgment gave effect to such finding. The gist of the alleged error is that said answer is to an issue not made by the pleadings. That a material issue should have foundation in the pleadings is elementary. Texas Employers' Ins. Ass'n v. Fitzgerald, Tex. Com.App., 296 S.W. 509, and the authorities therein cited.

In the respect under consideration the plaintiff's petition seems to be a mixture of allegations, some appropriate in presenting (as against the appellant) a case of fraud perpetrated on the appellee when he purchased the car, and others presenting a case of conversion by reason of appellant's repossession of the car.

The appellee alleges that the appellant told him that he was getting a 1930 Model car and with reference thereto he specifically alleges as follows: "That plaintiff did not know anything about automobiles and the defendant knew that he did not know anything about automobiles and knew he was deceiving him when he told him that said automobile was a model of the year 1930. *That if plaintiff had known that said automobile was an earlier model than 1930, that he would not have pur-*

chased the same at the price he paid. And plaintiff alleges for all purposes in connection with this suit, that said automobile was a model of 1930 and defendant is estopped by his conduct and deceit as hereinbefore alleged from saying that said automobile was . not a model of the year 1930. And plaintiff alleges that a Buick automobile of a description hereinbefore set out and a model of the year 1930, in good condition, was worth the sum of $350 at the time of the said conversion, in the automobile market of Houston, Texas. And plaintiff alleges that he was damaged by said unlawful conversion by the defendant in the reasonable sum of $350, plus 6 per cent interest," etc. (Italics ours.)

In support of these allegations the appellee called E. B. Martin as a witness. After qualifying to testify, he was asked:

"Q. From your experience in handling and selling automobiles what would you say a Buick roadster, model of the year 1930, would be worth in June 1934, if it was in good condition throughout?" The answer was, "$325 to $375."

His further testimony simply shows that the value of a 1929 model car would be different, depending on condition, etc., but he stated no definite value for such model. In the instant case, the bill of sale, license receipt, transfer of car, and other records show the automobile sold and delivered was in fact a 1929 Buick roadster. Based upon the foregoing pleadings and such testimony, the above issue was submitted with the result that the jury answered that the value of the car reflected by appellant's pleadings and the testimony was $275.

It is evident that the appellee was seeking to recover, as for conversion, the value of a 1930 Model Buick, which he admits was not sold and delivered to him, and repossessed and converted, if any car whatever was converted.

The above pleadings, and especially the italicized portions thereof, fully reflect the plaintiff's theory of his right of recovery which the trial court seems to have followed in presenting the case to the jury. If the appellant committed a fraud on the appellee in selling him a 1929 Model car instead of a 1930 Model, that would be one type of case entitling him to recover damages in the amount of actual loss sustained on account of the false representations, if any. But if he sold him a 1929 Model Buick, as appears quite conclusively from the testimony, and the same was later re-

possessed, or converted, as alleged, then the measure of damages should be ascertained by the application of a different rule of law. The measure of recovery for such conversion would be the market value of the car at the time and place of conversion. Morriss v. Knepper, Tex.Civ.App., 10 S.W. 2d 1012; Foster v. Balderez, Tex.Civ.App., 32 S.W.2d 875.

If the plaintiff did not purchase and have delivered to him the 1929 Model car, he fails to allege and prove any excuse for his having retained and used the same for a considerable period of time, making different payments thereon as per installments in the note, and placing the car with mechanics for repair, etc. In pleadings and testimony he seems to have avoided basing his suit on the conversion of the car which he in fact received. In the respect under consideration, there is no pleading for the verdict, and consequently no verdict for the judgment on a material and controlling issue. This assignment should be sustained and the case returned to the trial court where it may be tried upon properly amended pleadings, and more clearly developed testimony. In view of another trial, we discuss certain phases of the record.

■■ It is further contended that the judgment is not supported by the verdict in that the latter is indefinite, uncertain, confusing, and conflicting. If material issues are conflicting and destructive of each other, the error would also be fundamental. This attack has special reference to the jury's finding in response to issues 2, 3, 4, and 7. The appellant contended that the deferred payments were to be $16 per month, rather than $20, payable semimonthly, as evidenced by the note, mortgage, and testimony of appellant. Issue No. 2 inquired, "What amount per month was to be paid for such automobile?" The answer was, "$16.00." Issue No. 3 was as follows: "Was such agreement oral or in writing?" The answer was, "Oral." Issue No. 4 followed and inquired: "Did plaintiff execute a note and chattel mortgage for the deferred payments?" The jury's answer to this question was, "Yes." In issue No. 7 the jury was asked, "Was the note in question executed in blank?" To this the jury answered, "Yes." It is difficult, if not impossible, to harmonize the answer of the jury to special issue No. 4 that the appellee executed a note and chattel mortgage for the deferred payments with the answer of the jury that the agreement between the

parties was oral. Further, when the appellant set up the note and mortgage as a defense endeavoring to establish thereby his right to repossess the car under the terms of the mortgage and alleged default in payment of the note, the plaintiff did not respond to such pleadings by non est factum, and he admits that he signed these instruments leaving them with the mortgagee. The issues seem to pertain merely to evidentiary matters.

■ There is another issue inquiring if the appellant acted in good faith in repossessing the automobile. The materiality of this issue is not apparent. The terms of the mortgage and the default in the payment either did or did not warrant the peaceable repossession of the car. This and some of the other issues and their answers are immaterial, and while it is not entirely clear that other findings present irreconcilable differences with respect to indispensable fact issues, it is believed such findings are so confusing as to have improperly influenced the rendition of the judgment.

The jury further found in response to issue 5 that the appellee did not make his payments regularly as they became due; but in response to issue No. 6 the jury found he did so because there was an agreement between the parties excusing such irregular payments. These issues and the jury's verdict appear to have been based upon a contention advanced by the appellee that after purchasing the car he became sick and unable to meet the payments and went to the appellant and obtained from him an agreement or permission to change the manner of payment. He testified that the appellant told him, "Well do the best you can, Gamble." He does not testify that any definite extension was given, nor does he testify to any facts constituting a new and binding contract.

It was held in Tsesmelis v. Sinton State Bank et al., Tex.Com.App., 53 S.W.2d 461, 462, 85 A.L.R. 319: "First. To support a contention that the payment of a negotiable instrument has been extended, there must exist all the elements essential to the execution of a contract (6 Tex.Jur. p. 826), and the agreement for the extension must be for a definite time and mutually bind·the parties, payor and payee, the one to forbear suit during the time of extension, and the other his right to pay the debt before the end of that time. Benson v. Phipps, 87 Tex. 578, 29 S.W.·1061, 47 Am.St.Rep. 128;

Guerguin v. Boone, 33 Tex.Civ.App. 622, 77 S.W. 630." .

This conclusion has a material bearing on right of repossession of the automobile on the default alleged. In the condition we find this record, it is difficult to appraise some of the contentions, but, as pointed out in response to assignment 13, the judgment is not sustainable.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.