

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

This Opinion modifies Opinion O-1461

Hon. John R. Shook
Criminal District Attorney
　of Bexar County
San Antonio, Texas

Attention:　W. Pat Camp, Assistant

Re:　Opinion No. O-1522
Issuance of Poll Tax Receipts and Exemption Certificates in cities of over 10,000 population.

Dear Sir:

　　　　We have given careful consideration to the questions propounded to us in your letter of November 4, 1939 and your supplemental letter of December 26th, all of which questions are set out below:

　　　　"1.　Can a duly qualified elector, living in a city of ten thousand inhabitants or more, secure a poll tax with which he would be entitled to vote, by filling out an affidavit (a copy of which is hereto attached), swearing to the same before a notary public, and mailing the same with the tax required by law to the tax collector of his county prior to February 1st of the year in which he desires to vote?

　　　　"2.　Can a duly qualified elector, under the circumstances outlined in question One, receive an exemption certificate?

　　　　"3.　Can a poll tax be issued upon the affidavit referred to in question #1, when such affidavit is delivered in person by the elector to the tax collector, together with the tax required by law, before February 1st of the year in which he desires to vote?

　　　　"4.　Can the husband or wife obtain a certificate of exemption for the other under the circumstances outlined in question #1?

　　　　"5.　Can the Tax Assessor-Collector of Bexar County, Texas, establish substations outside of the courthouse for the purpose of collecting ad valorem and poll taxes?"

　　　　We wish to thank you for the able brief presented in your letter of November 14th, which has been of material assistance to us.

The form of affidavit which you enclosed in your letter of November 4th is of the type contemplated to be used by Article 2961, Revised Civil Statutes of Texas, 1925. This article reads:

"If the taxpayer does not reside in a city of ten thousand inhabitants or more, his poll tax must either be paid by him in person or by some one duly authorized by him in writing to pay the same, and to furnish the collector the information necessary to fill out the blanks in the poll tax receipt. Such authority and information must be signed by the party who owes the poll tax, and must be deposited with the tax collector and filed and preserved by him."

It is to be noted that the above article applies only to a taxpayer who "does not reside in a city of ten thousand inhabitants or more" and therefore can have no application to residents of the city of San Antonio. In fact the succeeding article expressly so states:

"Art. 2962. In all cases where the taxpayer resides in a city of ten thousand inhabitants or more, the tax must be paid in person by the taxpayer entitled to the receipt, except as provided by this article. If a person residing in a city of ten thousand inhabitants who is subject to pay a poll tax, intends to leave the precinct of his residence before the first day of October with the intention not to return until after the first day of the following February, and does not return before that time, he shall be entitled to vote, if posessing all other legal qualifications, by paying his poll tax or obtaining his certificate of exemption through an agent authorized by him in writing, which shall state truly his intention to depart from the precinct, the expected period of his absence, and every fact necessary to enable the tax collector to fill the blanks in his receipt. Such authority, in fact, must be sworn to by the citizen, and certified to by some officer authorized to administer oaths. It shall be deposited with the tax collector and kept in his office." (Underscoring ours.)

Article 2963, as last amended by the Forty-first Legislature in 1929, reads as follows:

"When in cases permitted by this Title, the tax is paid by an agent, the tax receipt shall not be delivered to such agent, but shall be sent by mail to the taxpayer or kept and delivered to him in person by the Tax Collector. Where a property taxpayer residing either within or

without a city of ten thousand inhabitants or more, has a poll tax assessed against him or his wife or both, he may, at the same time that he pays his property tax by bank check or money order, also pay the poll tax of himself and wife, or either, and in the same way, and it shall be the duty of the Tax Collector in such cases, to mail such poll tax receipts, together with the property tax receipt to such property taxpayer. Exemption certificates shall be mailed in like manner, with the property tax receipt upon the payment of property taxes.

"All tax receipts issued for any year after January 31st shall be stamped on the face thereof; 'Holder not entitled to vote', and the names of the holders of such poll tax receipts shall not be included in the list of qualified voters."

It is also to be noted that the above article authorizes the taxpayer when paying his property tax by bank check or money order, also to pay his poll tax "in the same way, and it shall be the duty of Tax Collectors in such cases, to mail such poll tax receipts". No authorization is to be found in the Article to permit the taxpayer to mail his application for poll tax to the collector. It seems to us that express authority was given to the Tax Collector to mail the receipt to the taxpayer "in such cases" for the logical purpose of giving the check time to clear before the receipt is delivered. There being no conflict between Articles 2963 and 2962, they must both be given effect. It follows, therefore, that in cities of 10,000 inhabitants or more all poll taxes "must be paid in person" with only two exceptions:

(1) That "the husband may pay the poll tax of his wife" and vice versa, as provided in Article VI, Section 2 of the Constitution of Texas, and

(2) Where the person intends to be absent from his precinct during the tax paying period, as provided by Article 2962.

In our Opinion No. 0-1461, addressed to the Honorable Tom L. Hartley, under date of November 7, 1939, we expressed the view that Article 2963 provides a third exception to the general rules for payment of poll taxes laid down in Article 2961, applicable to taxpayers not residing in cities of over 10,000, i.e., the taxpayer might pay his poll tax by mail where the same was assessed against him and he paid it together with his property

tax. Upon reconsideration, we have concluded that it was not the purpose of Article 2963 to create such third exception so as to permit the payment of poll taxes by mail, although accompanied by payment of property taxes. Our said Opinion No. O-1461 is hereby amended accordingly. Although our Opinion No. O-1461, dealing with Article 2961, has no direct application to the questions presented by you, we take this opportunity to correct our former opinion.

The distinction made by the Legislature in the matter of paying poll taxes between cities of over 10,000 and other communities finds precedent in the Constitution, which in Article VI, Section 4 authorizes the Legislature to "provide by law for the registration of all votes in all cities containing a population of ten thousand inhabitants or more". As said by Baugh, Judge of the Austin Court of Civil Appeals in Texas Power & Light Co. v. Brownwood Public Service Co., 111 S.W. (2d) 1225 (1938), at p. 1227:

"And the Constitution in Section 4 of Article 6, recognized that in order to preserve the purity of elections, safeguards may be required in cities of more than 10,000 inhabitants which are not authorized in cities of lesser population."

In Parker v. Busby, 170 S.W. 1042 the Galveston Court of Civil Appeals said:

" *** the law does not provide for the payment by a taxpayer of his poll taxes through the mails."

We are aware of the general rule announced by the courts of this state in such cases as Wallis v. Williams, 110 S.W. 785; Warren v. Robinson, 32 S.W. (2d) 875, and Ramsey v. Wilhelm, 52 S.W. (2d) 757 that the election laws will be liberally construed so as not to disfranchise citizens, otherwise qualified to vote, because of harmless irregularities in the manner of obtaining poll tax receipts, etc. But Articles 2961, 2962 and 2963, R.C.S., prescribe the rules whereby the Tax Assessors-Collectors shall be guided in issuing poll tax receipts and these officials are duty bound to abide thereby. Article 199 of the Penal Code subjects a Tax Collector to penalty for failure to do so:

"Art. 199. - Any tax collector who delivers a poll tax receipt or certificate of exemption to any one except the one entitled thereto and at the time when the tax is paid or the certificate of exemption is applied for, except as specially permitted by law shall be fined

not less than one hundred nor more than one thousand dollars, and shall be removed from office."

I. In answer to your first question, you are therefore respectfully advised that a duly qualified elector, living in a city of ten thousand inhabitants or more may only secure a poll tax receipt in person and not by an agent upon affidavits except that --

(1) a husband may pay the poll tax for his wife or a wife for her husband and -

(2) if the taxpayer intends to be out of the precinct of his residence from October 1st to February 1st he may obtain his poll tax receipt or exemption certificate "through an agent authorized by him in writing".

II. In answer to your second question, you are advised that the same requirements apply to exemption certificates as apply to poll tax receipts. It was so held by the Austin Court of Civil Appeals in Texas Power and Light Co. v. Brownwood Public Service Co., 111 S.W. (2d) 1225 (writ of error refused) wherein the court said at page 1227:

"It is clear, we think, that if the Legislature has the power to require a poll tax receipt of all the citizens of the state as a qualification for voting, and for reasons sufficient to itself, sees fit to exempt certain classes from the payment of such tax, it has equal power to prescribe, as a qualification for voting, equal or similar requirements for those gratuitously exempted from poll tax payments, as it does for those who are required to pay the tax, ***

"Vernon's Annotated Civil Statutes, Article 2968, expressly requires, in cities of more than 10,000 inhabitants, those who are exempted from payment of a poll tax to procure an exemption certificate before February 1st of the year in which they offer to vote. This statute prescribes these requirements with the same particularity and exactness as do the statutes relating to payment of poll taxes. And Article 3004, R.S., relating to voting, makes the same requirements with reference to exemption certificates, as essential to the right to vote, as it does with reference to poll tax receipts."

III. Replying to your third question we will say that if a duly qualified elector pays his tax in person before February 1st he is entitled to receive a poll tax receipt upon giving the requisite information as to his residence, etc. under oath to the collector, so that the delivery of his own affidavit at such time would be immaterial.

IV. In answer to your fourth question, it is our opinion that since Section 2 of Article VI of the Constitution of Texas authorizes a husband to pay the poll tax for his wife, and since under the doctrine announced by Texas Power & Light Co. v. Brownwood Public Service Co., supra, the same rules apply to exemption certificates as apply to poll tax receipts, it would seem reasonable to construe Article 2968, R.C.S., which prescribes the issuance of exemption certificates so as to permit either a husband or wife to act as agent for the other, without written authorization in obtaining exemption certificates.

V. In order to answer the question submitted in your letter of December 26th, whether the Tax Assessor-Collector of Bexar County may establish substations outside of the courthouse for the purpose of collecting ad valorem and poll taxes, it will be necessary to consider the several applicable statutes.

Article 2971 expressly directs the collector to establish such a substation in cities of 10,000 or more other than the county seat.

Article 7255, as amended in 1939, provides that the tax collector, "when so ordered by the Commissioners' Court" "may post up notices – not less than three (3) – at public places in each voting or justice precinct in his county, at least twenty (20) days previous to the day said taxpayers are required to meet him for the purpose of paying their taxes, stating in said notice the times and places the same are required to be paid ***" This statute clearly authorizes the establishment of "substations" upon the conditions stated.

Article 7256, as amended in 1937, directs the Assessor and Collector to "keep his office at the county seat of his county". As said by Murray, Judge in Oliver v. Lindsay, 125 S.W. (2d) 1097:

"It will be kept in mind that the collector is not required to keep his office in the courthouse of the county, but only at the county seat."

The Austin Court of Civil Appeals, by way of dicta in 1913 in the case of Davis v. Riley, 154 S.W. 314, declared that

"The payment by a citizen of his poll tax at any other place than the office of the tax collector does not constitute in law a payment of said tax . . ." The statutes have been repeatedly amended since the decision of that case, and we believe that the dictum, above quoted, has in effect been subsequently over-ruled by Oliver v. Lindsay, supra, and by the Texas Court of Criminal Appeals in Hibbetts v. State, 123 S.W. (2d) 898, where-in the court sustained a conviction for misapplication of public funds by a deputy tax collector who accepted money in payment of taxes in a corridor of the courthouse. The court distinguished the case of Davis v. Riley by saying:

"It is obvious that Crim (the deputy in the Davis case) was acting for the taxpayers and not for the collector . . ."

There being no express statutory prohibition against the establishment of substations for the collection of taxes, we believe that poll taxes paid at such a substation to the collector or a properly authorized deputy would be a valid payment. In this connection, it must be borne in mind, however, that the statutes prescribing the form of poll tax receipts and exemption certificates require separate books for each precinct. Article 2970 requires that:

"Each Commissioners' Court, before the first day of October every year shall furnish to the County Tax Collector blank books for each voting precinct, which shall be marked with the name and number of the pre-cinct for which they are intended. . ." (Underscoring ours.)

Similarly, Article 2968 requires that:

"Certificates of exemption for each precinct shall be numbered consecutively . . ." (Underscoring ours.)

We call attention to these statutes merely to indicate that they may effect to some extent the practical operation of substations for payment of poll taxes.

APPROVED DEC 29, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

WRK:ob:wb

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Walter R. Koch
Walter R. Koch, Assistant

This opinion considered and approved in limited conference.